[No. H034808. Sixth Dist. Mar. 30, 2010.]

G.C., Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**Counsel**

Dallas Sacher, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, and Martin S. Kaye, Deputy Attorney General, for Real Party in Interest.

## OPINION

**PREMO, Acting P. J.**—In this juvenile delinquency case (Welf. & Inst. Code, § 602),[1] 14-year-old G.C. (minor) was granted deferred entry of judgment (§ 790 et seq.) on a single allegation of felony vandalism by graffiti (Pen. Code, § 594, subds. (a) & (b)(1)). One condition of his participation in the deferred entry of judgment process was that he pay restitution to the City of San Jose for the costs it incurred in cleaning up the graffiti. Several months later the minor filed a motion under section 742.16, subdivision (b), asking the court to reconsider the order because neither he nor his family had the ability to pay it. The juvenile court concluded that section 742.16, which requires the court to consider ability to pay when ordering restitution for graffiti abatement, did not apply in the deferred entry of judgment context. Accordingly, the court did not reach the merits of the motion.

In this petition for writ of mandate the minor contends that section 742.16 is applicable to his case and that the juvenile court erred in refusing to rule on the merits of his motion. After receiving preliminary opposition and the minor's reply we issued an order to show cause why the writ should not issue. To permit further consideration of the issues raised by the petition we stayed the restitution order pending further order of this court. We now conclude that section 742.16 does apply in deferred entry of judgment cases and shall issue the writ as requested.

## I. BACKGROUND

On June 26, 2008, the prosecution filed a section 602 petition alleging that the minor had committed a single felony count of vandalism by graffiti in or about February 2008. The minor admitted the allegation, which related to six "tags" made with a wide-tipped felt marker on a sound wall located within the City of San Jose.[2] The City of San Jose filed a request for restitution indicating that it had cleaned up the minor's graffiti at a cost of $516.

The probation department determined that the minor was suitable for deferred entry of judgment. Referring to the city's restitution request, the probation report stated that the minor's father had the means to pay. The minor and his mother signed the deferred entry of judgment contract, promising that the minor would pay restitution to the victim as determined by the probation officer, perform 66 hours of community service, and participate in the graffiti abatement program. On August 4, 2008, the juvenile court

---

[1] Further unspecified section references are to the Welfare and Institutions Code.

[2] At the minor's request, we have taken judicial notice of the record in the overlapping appeal *In re G.C.* (Nov. 12, 2009, H034500) (app. dism.), which has been dismissed as having been taken from a nonappealable order.

granted deferred entry of judgment and ordered restitution of $516 to the City of San Jose, noting that the minor's mother "is jointly and severally liable."

By January 2009, the minor had completed his community service hours but had not satisfied his restitution obligation. In July 2009, still having failed to satisfy the restitution condition, the minor filed a motion pursuant to section 742.16, subdivision (b), which provides that, where a minor is "found to be a person described in Section 602 by reason of the commission of an act [of graffiti]" and the graffiti has been removed by a public entity, the court shall order the minor to pay the cleanup costs "to the extent the court determines that the minor or the minor's estate have [*sic*] the ability to do so." The minor stated that he did not have the ability to pay because he was, by then, only 15 years old and could not find a job, his mother was a full-time homemaker, and his father could not work because of health problems. He asked the court to either reduce the amount ordered or order additional community service in lieu of monetary restitution.

The prosecutor opposed the motion, arguing that section 742.16 does not apply when the court has granted deferred entry of judgment. According to the prosecutor, since section 742.16, subdivision (b) applies when the minor is "found to be a person described in Section 602," the subdivision applies only when the minor is adjudicated a ward of the court. Since the minor had not been adjudicated a ward of the court, the subdivision and its ability-to-pay requirement were inapplicable.

The juvenile court held, "None of you have talked about the most important feature of the entire scheme, which is that it's now embedded in the state Constitution that victims have an absolute right to their restitution. So I think if you take that when you're looking at whether someone is suitable for [deferred entry of judgment] at the front end I think you can. And not only can, you probably have to consider their ability to pay the restitution as a condition of getting [deferred entry of judgment] because if you go on [deferred entry of judgment] and we buy your argument the victim ends up with nothing. If he's made a ward of the court the victim gets a ten year abstract of judgment. In ten years the Department of Revenue is sending out a tax intercept to try to make the victim whole. And the victim has ten years and can renew that at the end of ten years and use it as a civil judgment to collect. It seems to me that is much closer to compliance with Proposition 9 than the notion of just saying well, we'll just consider ability to pay today and if the minor can't pay, well, that's not—that's not a factor to consider.

"Having said that, I do not think [section] 742.16 applies in this case. Whether or not you have to be a ward I'm not going that far. I don't think I have to. I think clearly the language of [section] 742.16 the Court has to have

jurisdiction. And the Court has not taken jurisdiction in this case [by virtue of the deferred entry of judgment proceedings]. And so the provision of that whole scheme of [section] 742[.10 et seq.] I don't think applies." This petition followed.

## II. DISCUSSION

■ Section 730.6 is the general restitution statute applicable in proceedings brought under section 602. It provides that when a minor is "found to be a person described in Section 602" the court must order restitution to the victim or victims unless the court finds a "compelling and extraordinary reason" not to do so. (§ 730.6, subds. (a)(2) & (h).) Inability to pay "shall not be considered a compelling or extraordinary reason" not to order restitution. (§ 730.6, subd. (h).) Section 742.16, on the other hand, requires the court to find that the minor or the minor's estate has the ability to pay before ordering restitution in graffiti and vandalism cases.

Section 742.16 is part of the Graffiti Removal and Damage Recovery Program enacted by the Legislature in 1994. (Stats. 1994, ch. 909, § 11, p. 4603 et seq.) Among other things, it requires minors who have committed acts of vandalism and other malicious mischief to repair or pay for the damage they cause. Subdivision (b) of section 742.16 applies when a public entity repairs or replaces property damaged by the minor. It provides, "If a minor is found to be a person described in Section 602 by reason of the commission of an act prohibited by [Penal Code] Section 594 [among others], and the graffiti or other material inscribed by the minor has been removed, or the property defaced by the minor has been repaired or replaced by a public entity . . . the court shall determine the total cost incurred by the public entity for said removal, repair, or replacement . . . [and] shall order the minor or the minor's estate to pay those costs to the probation officer of the county *to the extent the court determines that the minor or the minor's estate have [sic] the ability to do so.*" (Italics added.) Section 742.16 contains other provisions relating to the minor's obligation to repair, replace, or clean up damaged property. Each subdivision authorizing the court to order monetary restitution requires the court to first find that the minor or his estate has the ability to pay. (See § 742.16, subds. (a)–(c).)

The minor maintains that both of the foregoing provisions are generally applicable in the deferred entry of judgment situation and that section 742.16 and its ability to pay requirement are specifically applicable here. According to the Attorney General, section 742.16 "by its own terms" does not apply in deferred entry of judgment cases because the minor has not been found to be a person described by section 602. According to the Attorney General, the "found to be a person" language refers to a minor who has been adjudicated a

ward of the court and, since a minor is not made a ward when entry of judgment is deferred, section 742.16 does not apply. The dispute involves a question of statutory interpretation subject to our de novo review. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].)

It is true that a minor for whom judgment is deferred does not become a ward of the court within the meaning of section 602. The deferred entry of judgment procedure provides that "in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. . . . (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558 [133 Cal.Rptr.2d 544].)

■ The absence of a judgment, however, does not preclude application of the restitution statutes. Section 794 provides that when a minor is granted deferred entry of judgment, the court must impose certain specified conditions and may impose any other condition authorized by the Welfare and Institutions Code that the court believes would assist in the rehabilitation of the minor. Section 794 concludes: "The minor may also be required to pay restitution to the victim or victims pursuant to the provisions of this code." The Attorney General concedes that section 794 incorporates section 730.6 into the deferred entry of judgment process but maintains that section 742.16 is not so incorporated because it applies only to minors "found to be a person described in Section 602." (§ 730.6, subd. (b).) The argument makes no sense because section 730.6 contains the same "found to be a person" language.

■ Section 794 plainly incorporates into the deferred entry of judgment process the provisions of the Welfare and Institutions Code pertaining to victim restitution. Sections 730.6 and section 742.16 are the two principal provisions of the code specifically authorizing orders for monetary restitution to victims. (See also § 729.1, subd. (a)(1) [requiring minors to clean, repair, replace or "otherwise make restitution" for damage to public transit vehicles].) It follows that if the final clause of section 794 means anything at all, it means that, notwithstanding the "found to be a person" language contained in both sections, section 730.6 and section 742.16 are applicable in a deferred entry of judgment case. (See *In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1437 [35 Cal.Rptr.2d 155] ■ [we do not read statutes in isolation but construe them in the context of related statutes].) Indeed, as the minor points out, any other construction of section 742.16 would lead to the absurd result that a section 602 ward in a graffiti case could be excused from

his or her restitution obligation due to an inability to pay but a minor found suitable for deferred entry of judgment could not. We must avoid such an illogical construction. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388 [97 Cal.Rptr.3d 464, 212 P.3d 736].) ■ Accordingly, we agree with the minor that section 742.16 is one of the restitution provisions upon which the juvenile court may rely in ordering victim restitution in a deferred entry of judgment case.

The Attorney General further argues that, since the minor represented that he or his family had the ability to pay when he entered into the deferred entry of judgment contract he should not be permitted to renege on his promise now. To the extent the Attorney General's argument relates to the facts of this case, we express no opinion. We leave the factual issues to the trial court. To the extent the argument is that the juvenile court cannot, as a matter of law, reconsider the minor's ability to pay during the deferral period, we reject it.

■ When judgment is deferred, the juvenile court is not required to order victim restitution; the restitution decision rests in the discretion of the juvenile court. (§ 794.) In exercising that discretion, the juvenile court may take any pertinent circumstances into account. Ability to pay would be one such circumstance. As the juvenile court observed, the ability to pay must be a consideration "at the front end." One reason for this is to ensure that the victim receives compensation for the loss; since there will be no judgment, the victim would have no way to enforce the order if it is not satisfied during the deferral period. Just as important is that the court must make an ability-to-pay finding in order to avoid imposing a condition that will be impossible for the minor to satisfy. And when imposing a restitution order under section 742.16 in a graffiti case, the court is statutorily required to find that the minor or his estate has the ability to pay it. We can conceive of no logical reason to expect the court to consider ability to pay when making an order at the outset but to preclude the court from reconsidering the issue during the deferral period.

Since the court has a duty to hear and determine the merits of all matters properly before it, mandate may be used to compel the performance of this duty. (*Robinson v. Superior Court* (1950) 35 Cal.2d 379, 383–384 [218 P.2d 10].) Here, the juvenile court declined to rule on the merits of the minor's motion in the belief that section 742.16 did not apply in the deferred entry of judgment context. Since we have concluded that section 742.16 applies in that context, it is appropriate to issue a writ requiring the juvenile court to rule upon the merits of the minor's motion.

### III.   *Disposition*

Let a peremptory writ of mandate issue directing the juvenile court to hear and consider the merits of the minor's motion pursuant to Welfare and Institutions Code section 742.16, subdivision (b) to modify the victim restitution order. The stay of the victim restitution order previously imposed by this court is vacated upon finality of this opinion.

Elia, J., and Duffy, J., concurred.