[No. H038065. Sixth Dist. Nov. 9, 2012.]

In re T.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
T.C., Defendant and Appellant.

## COUNSEL

David D. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Christina vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

MÁRQUEZ, J.—T.C. appeals from a juvenile court restitution order entered in conjunction with the court's grant of deferred entry of judgment (DEJ) in his juvenile delinquency case. (Welf. & Inst. Code, § 790 et seq.) He contends in substance that the juvenile court abused its discretion with regard to part of the restitution award.

The restitution order is not appealable and we must dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

The minor stole a car. Then, in a predawn hour on February 13, 2011, he rammed it into a curb three times in a high school parking lot, rendering it a total loss for insurance purposes. This conduct precipitated the filing of a juvenile delinquency petition alleging that the minor engaged in conduct that if committed by an adult would constitute (1) auto theft (Veh. Code, § 10851, subd. (a)), (2) resisting arrest (Pen. Code, § 148, subd. (a)(1)), and (3) harming a police dog (*id.*, § 600, subd. (a)) that was being used to hunt the minor down after he fled.

The minor admitted the allegations and the juvenile court granted DEJ, meaning that the petition was neither sustained nor not sustained. As a condition of participating in the DEJ program, the minor was required to make restitution to the car owner. The juvenile court awarded the owner $12,936.62, including $2,073.10 in interest that the victim had paid on the car loan. The minor contests only the $2,073.10 interest-based restitution award.

## DISCUSSION

Acknowledging the questionable cognizability of an appeal from an order granting DEJ, the minor argues he is not appealing from that order, but rather from an order imposing restitution as a condition of probation under Welfare and Institutions Code section 794.[1] That order, however, is encompassed within the juvenile court's grant of DEJ and cannot be considered as somehow separate from it. This is true not only on the basis of the record before us, but also under section 794, which provides in pertinent part:

---

[1] All further statutory references are to the Welfare and Institutions Code.

"When a minor is permitted to participate in a deferred entry of judgment procedure, . . . [t]he minor may . . . be required to pay restitution to the victim or victims . . . ." We treat the appeal as taken from the order granting DEJ.

■ " '[T]he right of appeal is statutory and . . . a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227].) ■ Under section 800, an appeal may be taken from a judgment sustaining a juvenile delinquency petition (see § 725, subd. (b)) or certain types of related rulings or orders, but there is no provision in the law for appealing from a DEJ order, including its restitution component. (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1306, 1308 [21 Cal.Rptr.3d 891].) "[T]he order does not enter judgment but 'defer[s]' such entry indefinitely, perhaps permanently." (*Id.* at p. 1308.) ■ We have found no jurisdictional basis to entertain the minor's appeal. (See *id.* at p. 1309.)

■ In support of his argument that this court may entertain his appeal, the minor cites *In re Johnny M.* (2002) 100 Cal.App.4th 1128 [123 Cal.Rptr.2d 316], which affirmed a restitution order in these circumstances. That case did not address, however, the question whether the order was appealable. "An opinion is not authority for a point not raised, considered, or resolved therein." (*Styne v. Stevens* (2001) 26 Cal.4th 42, 57 [109 Cal.Rptr.2d 14, 26 P.3d 343].) He also cites *In re Do Kyung K.* (2001) 88 Cal.App.4th 583 [106 Cal.Rptr.2d 31], which decided that a minor's appeal from an order placing the minor on probation without wardship pursuant to subdivision (a) of section 725 was entertainable. (*In re Do Kyung K., supra,* at pp. 587–590.) But this does not mean that an order of restitution that is part of a grant of DEJ pursuant to a different statutory scheme (i.e., § 790 et seq.) is appealable. As noted earlier, section 800 does not authorize an appeal from a DEJ order, including its restitution component.

Last, the minor contends that if he cannot appeal from the restitution order now, he may never be able to do so. Review of the restitution order may be available, however, if, for example, the minor fails to successfully complete probation, DEJ is lifted, and judgment is entered. (See §§ 791, subd. (a)(4), (6), 793, subds. (a) & (b); *In re Mario C., supra,* 124 Cal.App.4th at p. 1310; cf. *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 375–376, 378 [107 Cal.Rptr.3d 514] [writ relief available when the minor, who received DEJ, raised a question of law concerning the juvenile court's belief that it was not required to consider his ability to pay restitution for vandalism under § 742.16].)

## DISPOSITION

The appeal from the restitution order is dismissed.

Premo, Acting P. J., and Mihara, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 13, 2013, S207219.