Filed 4/24/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re KEITH C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KEITH C.,<br><br>        Defendant and Appellant. | A141529<br><br>(Alameda County<br>Super. Ct. No. OJ06003300-01) |

The issue presented in this case is whether a juvenile court, having ordered 15-year-old ward Keith C. to pay victim restitution, had authority to enter an abstract of judgment restating the restitution order upon termination of Keith's wardship, more than two years after he turned 21. We hold that it was authorized to do so, and thus affirm.

## I. BACKGROUND

In February 2006, the Alameda County District Attorney filed a wardship petition (Welf. & Inst. Code,[1] § 602) alleging Keith, then 15 years old, unlawfully took and drove a Toyota van owned by Kenneth Thomas (Veh. Code, § 10851, subd. (a); count one) and received, withheld, or concealed the stolen van (Pen. Code, § 496; count two).

At a hearing on June 20, 2006, the juvenile court determined the amount of restitution owed to Thomas was $2,180. This amount included towing costs, the loss of the van (which was rendered inoperable), a uniform and tools that were in the van, and

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

lost wages. At the same hearing, the court amended count two of the petition to charge the lesser included offense of misdemeanor receiving stolen property, and Keith admitted that charge in exchange for dismissal of count one. At disposition on July 31, 2006, the court adjudged Keith a ward of the court, placed him on probation, and ordered him to pay $2,180 in victim restitution. Keith did not appeal the disposition.

Keith later appeared at numerous status hearings, but defaulted on his restitutionary debt. On July 25, 2011, Keith failed to appear in court, and the juvenile court issued a warrant for his arrest. The minute order for the hearing states the warrant was "issued to expire on [Keith's 21st birthday, in December 2011]." The warrant was never served, and Keith did not appear at any subsequent hearings.

Over the objection of Keith's counsel, on March 10, 2014 the court ruled that it had authority to issue an abstract of judgment (Judicial Council Forms, form CR-110/JV-790 (hereafter JV-790)) permitting collection of Keith's unpaid restitutionary debt. On April 3, 2014, the court recalled the outstanding arrest warrant, terminated Keith's probation "unsatisfactorily," dismissed his wardship, and issued an abstract of judgment requiring Keith to pay victim restitution to Thomas in the amount of $2,180.

The juvenile court signed the first page of the JV-790, on which a checked box under paragraph No. 1.b. states the court determined on June 20, 2006, that Keith was a person described in section 602. Checked boxes under paragraphs Nos. 2.a. and 4.a. note that a hearing was held as to the amount of restitution (i.e., the June 20, 2006 hearing), which included the value of property stolen or damaged. The checked box in paragraph No. 3.a. states (with added language): "**THE COURT ORDERS** defendant/child to pay restitution to: [¶] . . . the victim . . . [Kenneth Thomas] in the amount of: $2,180.00."[2]

---

[2] Although the record reflects Keith may have made a $20 payment in April 2011, the first page of the JV-790 issued in 2014 (signed by the court) states the full amount of restitution ordered ($2,180) is due. The second page of the JV-790 (signed by the deputy clerk) lists the amount of the judgment as $2,010, apparently incorrectly. Keith's counsel suggested for the first time at oral argument that Keith did, in fact, pay $20, but Keith failed to raise in any of his briefs whether $2,180 was erroneously listed on the first page

2

Keith appealed the court's April 3, 2014 order.

## II. DISCUSSION

As a general matter, a juvenile court loses jurisdiction over a ward who attains 21 years of age. (§ 607, subd. (a).) Framing the question on appeal as one of jurisdiction, Keith contends the juvenile court here was powerless to enter the JV-790 after he turned 21. We disagree. Our colleagues in Division Three addressed the identical issue recently in *In re J.V.* (2014) 231 Cal.App.4th 1331, and rejected the argument Keith advances, as do we. Whether a juvenile ward defaults on his restitutionary debt entirely, as Keith did here, or partially, as occurred in *In re J.V.* (see *id.* at p. 1335 ["the order/abstract in this case . . . simply restate[s] the lower remaining balance on an original order for restitution"]), the entry of a JV-790 based on a prior, valid restitutionary order is nothing more than a memorialization of the original order. (*Ibid.*)

The juvenile court had a constitutional and statutory duty to order Keith to make restitution to the victim of his offense. (Cal. Const., art. I, § 28, subd. (b), par. (13); Welf. & Inst. Code, § 730.6; *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1386–1387.) Courts must broadly construe statutory provisions implementing the constitutional requirement that an offender pay restitution to the victim. (*People v. Lyon* (1996) 49 Cal.App.4th 1521, 1525.)

Under section 730.6, the victim of a juvenile's crime is entitled to enforce a restitution order in the manner provided in section 1214 of the Penal Code. (§ 730.6, subds. (i) & (r).) Penal Code section 1214, subdivision (b) provides that a restitution order is deemed a money judgment in specified circumstances, and that the victim is entitled to a certified copy of it for purposes of enforcement. Civil judgments are enforceable for 10 years (Code Civ. Proc., § 683.020) and may be renewed any time during those 10 years (Code Civ. Proc., §§ 683.120, 683.130, subd. (a)). A juvenile's obligation to pay restitution thus extends beyond the period of wardship and survives the

---

of the JV-790 as the correct amount owing. We do not address whether any such error, if there was an error, may be correctable at a later stage.

termination of juvenile court jurisdiction. (§ 730.6, subd. (*l*); see *In re Michael S.* (2007) 147 Cal.App.4th 1443, 1456–1457.)

Here, the juvenile court issued a restitution order in 2006. As noted, on June 20, 2006, the court held a hearing and based on the evidence presented, including testimony from the victim, determined the appropriate amount of restitution to be $2,180. (See Pen. Code, § 1214, subd. (b) [restitution order "is deemed a money judgment if the defendant was informed of his or her right to have a judicial determination of the amount and was provided with a hearing, waived a hearing, or stipulated to the amount of the restitution ordered . . . ."].) At the same hearing, Keith confirmed he understood his obligation to pay restitution in this amount. At the July 31, 2006 dispositional hearing, the court confirmed this order, and Keith's counsel agreed $2,180 was owed. The JV-790, on its face—in checked boxes Nos. 1.b., 2.a. and 4.a.—refers back to the original hearing and determination as to restitution and thus constitutes nothing more than a memorialization of the 2006 restitution order. No new or subsequent order was created.

The court had the authority and the obligation to enforce the 2006 restitution order against Keith in the same manner as a civil money judgment (see § 730.6, subds. (i) & (r); Pen. Code, § 1214, subd. (b)), and the victim of Keith's offense is entitled to a certified copy of an enforceable money judgment (Pen. Code, § 1214, subd. (b)). Under the provisions of the Code of Civil Procedure applicable to the enforcement of money judgments, the juvenile court has the authority to renew restitution orders and the obligation to issue abstracts of judgment for at least 10 years. (Code Civ. Proc., §§ 674, subd. (a) [same court that has entered a judgment must issue an abstract of judgment], 683.020, 683.120, 683.130, subd. (a).)[3]

---

[3] This is consistent with jurisdictional rules governing enforcement of civil money judgments generally. A trial court may retain residual authority to enforce and renew a civil money judgment even when it does not have jurisdiction over other aspects of the underlying action. It is fundamental that an appeal of a civil judgment stays trial court proceedings and divests the trial court of jurisdiction over matters embraced in or affected by the appeal. (Code Civ. Proc., § 916, subd. (a); *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196.) But in the absence of an undertaking, an appeal

To add a requirement that the judgment debtor be no older than 21 years at the time of issuance of the JV-790—or to accept Keith's argument that, after a ward turns 21, the court may perform only "ministerial" acts that Keith contends do not include the issuance of abstracts of judgment— not only would contravene the express intent of the Legislature that victims may enforce juvenile restitution orders in the same manner as civil judgments (see § 730.6, subds. (i) & (r); Pen. Code, § 1214, subd. (b)), but would reward defaults by juvenile offenders hoping they can escape their restitutionary obligations by "running out the clock" as they grow into adulthood.

Keith asserts that reading section 730.6 as we do here improperly creates an implied "exception" to section 607's bright-line jurisdictional rule, beyond the express exceptions stated in section 607 itself.[4] But the issue presented in this case is not a matter of jurisdiction, and we do not hold that section 730.6 adds an "exception" to section 607. We hold only that, if a juvenile court enters a valid restitution order *when the juvenile is under 21*—at a time when the court indisputably has jurisdiction—that order remains enforceable beyond the period of wardship in the same manner as any civil judgment. (§ 730.6, subds. (i), (*l*) & (r); Pen. Code, § 1214, subd. (b).) The continuing enforceability of the order includes the concomitant obligation of the court entering the restitution order to issue abstracts of judgment. (Code Civ. Proc., §§ 674, subd. (a), 683.020, 683.120, 683.130, subd. (a).) Whether issuance of an abstract of judgment is a "ministerial" act or not is beside the point. The issue is whether the court has continuing authority to enforce a prior, validly issued order, and we hold that it does.

---

does not stay enforcement of a money judgment (Code Civ. Proc., § 917.1, subd. (a)(1); *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1428–1429), and, when there is no stay of enforcement, the trial court retains jurisdiction over proceedings related to enforcement (Code Civ. Proc., § 916, subd. (b)). Even when enforcement of a civil money judgment is stayed pending appeal based on the posting of an undertaking, the trial court retains jurisdiction to renew the judgment. (Code Civ. Proc., § 683.210; *Jonathan Neil & Associates, Inc. v. Jones* (2006) 138 Cal.App.4th 1481, 1488–1489.)

[4] (See § 607, subds. (a)–(e).) The exceptions listed in subdivisions (b)–(d) of section 607 do not apply here. We need not determine whether the exception in subdivision (e) of section 607 applies. (See fn. 5, *infra*.)

5

Juvenile courts have broad discretion in setting probation conditions (*In re R.V.* (2009) 171 Cal.App.4th 239, 246, 249) and restitutionary obligations (*In re Dina V.* (2007) 151 Cal.App.4th 486, 489–490, fn. 3). Where the victim has not independently sought collection of the full amount of a restitutionary order, accommodating a ward's difficulty in making restitutionary payments for some period of time, or establishing "soft" goals on a payment timetable, while holding back the "hammer" of full enforcement by civil judgment for a period, may be the most rehabilitative way of handling the ward in some cases. Here, the court took steps to do just that, ordering at one point that Keith make payments of $100 per month when he had not made progress in paying the ordered restitution. The constricted view of a juvenile court's authority urged by Keith would likely force prosecutors to seek, and courts to order, immediate issuance of JV-790's at the earliest possible date in all cases, without regard to a ward's individual circumstances. That is inconsistent with the flexibility juvenile courts must have in overseeing their charges.

For the foregoing reasons, we conclude the court had authority to issue the JV-790 and therefore affirm.[5]

### III. DISPOSITION

The juvenile court's April 3, 2014 order is affirmed.

---

[5] Because we affirm on the grounds discussed in the text, we need not address the Attorney General's arguments that (1) Keith is estopped to challenge the restitution order, and (2) the court's issuance of an arrest warrant in 2011 extended the court's jurisdiction beyond Keith's 21st birthday pursuant to section 607, subdivision (e).

_____
Streeter, J.

We concur:


_____
Reardon, Acting P.J.


_____
Rivera, J.


*In re Keith C.,* A141529
*People v. Keith C.*

Trial Court:   Alameda County Superior Court

Trial Judge:   Hon. Leopoldo E. Dorado

Counsel:

Sidney S. Hollar, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Christina vom Saal, Deputy Attorneys General for Plaintiff and Respondent.