Filed 8/16/16  In re Brady M. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re BRADY M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRADY M.,<br><br>        Defendant and Appellant. | A145816<br><br>(San Mateo County<br>Super. Ct. No. JV84185) |

On December 1, 2014, a coach at Brady M.'s (Minor's) high school placed her iPhone on a table during lunch.  She saw Minor at the table, and seconds later noticed her phone was gone.  She turned towards Minor and some other students, and said that if one of them had taken the phone, to put it back on the table.  Minor looked at her and left the room.  A witness told the coach she saw Minor take the phone.

The coach reported the incident to the school dean, who informed the resource officer.  The officer, accompanied by the dean, found Minor in his car in the parking lot.  After smelling marijuana in the car, the officer read Minor his *Miranda* rights.  The officer searched the car and found a baggie of marijuana in the driver's side door pocket, and an iPhone inside the back center armrest.  The coach confirmed the phone belonged to her and that the case was missing.

1

After being arrested, Minor admitted he took the phone, and after unsuccessfully trying to sell it, removed the case and threw it away. He also admitted possessing the marijuana, which he wanted to sell.

On December 31, 2014, Minor was charged in a Welfare and Institutions Code section 602 petition with one count of possession of marijuana for sale (Count 1, Health & Saf. Code, § 11359), one count of receiving stolen property (Count 2, Pen. Code, § 496, subd. (a)), one count of petty theft (Count 3, Pen. Code, § 484, subd. (a)), and one count of possession of less than 28.5 grams of marijuana (Count 4, Health & Saf. Code, § 11357, subd. (b)). Minor was found eligible for deferred entry of judgment (DEJ).

On April 14, 2015, pursuant to an agreement, Minor admitted the possession for sale charge, the prosecutor moved to dismiss the remaining charges, and the juvenile court dismissed those charges. After the court set a date for disposition, Minor's counsel stated she would not waive time, asked that the matter be set promptly, and requested a DEJ suitability finding in the report. The prosecutor responded that Minor would have to plead to all counts of the original petition for Minor to qualify for DEJ. Defense counsel disagreed that a plea to all counts was required, and the juvenile court told counsel, "They can do an assessment for DEJ, and we can worry about that later if he opts for that." Defense counsel again expressed doubt that her client was required to admit all counts in the petition to be eligible, and the prosecutor responded, "But it's only if we agree – anyway, we will talk about that later."

At the next hearing, on May 26, 2015, the court found Minor suitable for DEJ. The prosecutor argued that for the court to grant him DEJ, it had to reinstate the three dismissed offenses from the initial petition, and Minor had to admit all four of the offenses in that petition. The court then told Minor he had previously admitted the possession for sale charge "so you could find out if you were suitable for DEJ, and that was a way for you to find out, after having been reviewed by probation, whether you are suitable. [¶] Well, had we known at the time, when you entered your admission on April 14th, that you were suitable, we wouldn't have had to go through any of this."

2

The juvenile court acknowledged defense counsel's disagreement, but explained that to be placed on DEJ, Minor had to "admit all of the charges." Defense counsel objected to reinstating the dismissed charges as a condition for Minor to receive DEJ. After noting there had been "no amendment, [or] offer of an amendment as to any of the original charges," the court confirmed with counsel that Minor wanted DEJ. It then ordered the original petition "be fully reinstated," and Minor admitted all of the original charges. Defense counsel noted Minor was admitting the previously dismissed charges because he wanted DEJ, the juvenile court had "indicated that is the only way it will give him DEJ," and that she was preserving the issue.

The juvenile court granted Minor DEJ subject to various conditions. When imposing those conditions, the court stated, "No alcoholic beverages; tobacco, including electronic cigarettes; marijuana." The court did not recite a condition requiring Minor to submit to chemical testing, although it was included in the probation report. After stating the conditions of his DEJ, the court asked Minor, "Do you accept those orders?" and Minor answered yes. The written order entered after the hearing provides that Minor shall "[s]ubmit to chemical testing in the form of, but not limited to, blood, breath, urine, or saliva on the direction of the probation officer or a peace officer."

Minor timely filed a notice of appeal. Appointed counsel submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, certifying that he has been unable to identify any issues for appellate review. Counsel has also submitted a declaration affirming that he has advised Minor of his right to file a supplemental brief raising any points which he wishes to call to the court's attention. No supplemental brief has been submitted.

DISCUSSION

Minor purports to appeal from the juvenile court's order granting him DEJ. As Minor's brief correctly acknowledges, the available case law holds that orders granting DEJ are not appealable. (See *In re T.C.* (2012) 210 Cal.App.4th 1430, 1432-1433; *In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308.)

3

The right of appeal is wholly statutory, and a judgment or order is not appealable unless expressly made so by statute. (*In re T.C., supra,* 210 Cal.App.4th at p. 1433.) Appeals in proceedings under Welfare and Institutions Code section 602 are governed by Welfare and Institutions Code section 800, subdivision (a), which provides that "[a] *judgment* in a proceeding under Section . . . 602 may be appealed from, by the minor, in the same manner as any *final judgment,* and any subsequent order may be appealed from, by the minor, as from an order after judgment." (Italics added.)

As explained in *In re Mario C.,* "[t]he order before us is not a judgment in either the general or the specific sense. As its very name indicates, the order does not enter judgment but 'defer[s]' such entry indefinitely, perhaps permanently." (*In re Mario C., supra,* 124 Cal.App.4th at p. 1308.) Thus, "far from constituting an adjudication of the issues raised by the petition, the order of deferral *abates* the adjudicatory process in the hope that the minor will comply with the probationary conditions and thereby avoid a judgment altogether. . . . If the minor fails to satisfactorily comply, the court will enter judgment and make a dispositional order. In the latter instance, of course, a 'judgment' will exist from which an appeal will lie. At the present juncture, however, there simply is no judgment from which to appeal." (*Ibid.*)

Because there is no appealable order on which to base this appeal, we must dismiss it for lack of jurisdiction. (*In re T.C., supra,* 210 Cal.App.4th at p. 1432; *In re Mario C., supra,* 124 Cal.App.4th at p. 1306.)

DISPOSITION

The appeal is dismissed.[1]

---

[1] In a separate petition for writ of mandate, case No. A146759, appellant has raised claims regarding the juvenile court's requirement that he admit all of the charges in the original petition to be eligible for DEJ and regarding a condition of probation. We have denied that petition by separate order filed this date.

4

 

 

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Needham, J.