Filed 01/24/17

CERTIFIED FOR PARTIAL PUBLICATION<sup>*</sup>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | C077056 |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>Defendant and Appellant. | (Super. Ct. No. JDSQ122933901) |

APPEAL from a judgment of the Superior Court of Shasta County, Monique D. McKee, Judge. Affirmed.

William C. Whaley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Brook A. Bennigson, Deputy Attorney General, for Plaintiff and Respondent.

---

<sup>*</sup> Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III.

1

In lieu of adjudging minor J.G. a ward of the court based on his commission of trespass and felony vandalism, the juvenile court granted minor deferred entry of judgment and placed him on probation with terms and conditions including payment of restitution to the victim. Because minor eventually satisfied the terms and conditions of his probation with the exception of full payment of ordered restitution, the juvenile court terminated minor's probation, dismissed the wardship petition and converted the restitution order to a civil judgment. Minor appeals from the juvenile court's order.

Minor now contends (1) the court of appeal has jurisdiction to review the juvenile court's order because the order is a judgment within the meaning of Welfare and Institutions Code section 800, subdivision (a);[1] (2) a juvenile court can only convert a restitution order to a civil judgment if it has adjudged a minor a ward of the court; and (3) the juvenile court misapplied the law in assessing minor's ability to pay restitution.

In the published portion of this opinion, we conclude:

1. The challenged order is a judgment within the meaning of section 800, subdivision (a), because the juvenile court rendered a final determination of the rights of the parties in the wardship proceeding.

2. Even if a juvenile court has not adjudged a minor a ward of the court, it can convert an unfulfilled restitution order to a civil judgment when it terminates a minor's deferred entry of judgment probation and dismisses the wardship petition.

And in the unpublished portion of this opinion, we conclude:

3. Minor has not established a misapplication of the law.

We will affirm the judgment.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

BACKGROUND

The California Department of Parks and Recreation received information from local residents that a group of boys damaged brickwork, wood fences, and historic buildings at Shasta State Historic Park, and also threw pine cones and sticks into traffic on Highway 299. Five individuals, including the 14-year-old minor, confessed to participation in the offenses.

The People filed a petition to declare minor a ward of the juvenile court, alleging felony vandalism (Pen. Code, § 594, subd. (b)(2) -- count 1), felony throwing an object at a vehicle on a highway with intent to do great bodily injury (Veh. Code, § 23110, subd. (b) -- count 2), trespass and damage to or removal of highway signs (Pen. Code, § 602, subd. (f) -- count 3), and trespass (*id.* at subd. (m) -- count 4).

The People gave notice that minor was eligible for deferred entry of judgment (DEJ). Minor was referred for review of informal probation and DEJ. According to the probation officer's report, minor and his parents consented to probation. The probation officer recommended a grant of DEJ pursuant to section 790, with terms and conditions including completion of 40 hours of community service and/or a pro-social activity and payment of restitution to the California State Park, with the requirement for payment of restitution to be joint and several with the other offenders, their parents, and minor's parents. Probation recommended that the order of victim restitution remain in effect until paid in full pursuant to section 730.6 or 730.7 and not be discharged upon termination of probation or DEJ.

Minor admitted the charges for felony vandalism (count 1) and trespass (count 4). The juvenile court granted minor DEJ under section 790, adopted the terms and conditions recommended by the probation officer but deferred the determination of the restitution amount , and found that the maximum term of confinement would be three years and two months should judgment be entered.

The juvenile court conducted a subsequent hearing to determine whether minor had the ability to pay restitution. Minor said he was a freshman in high school, did not have a job, and did not have a bank account or trust fund in his name. He received Supplemental Security Income (SSI) and food stamps and his father received disability income. There was no other source of income for the family. It was undisputed that the family's income was below the federal poverty level and the People stipulated to balances in minor's bank account.

The juvenile court asked the parties to brief whether it could consider minor's SSI in determining minor's ability to pay restitution. The People argued the juvenile court could consider minor's SSI benefits in determining his ability to pay restitution, but could not compel minor to use his SSI to pay restitution. Minor argued SSI could not be used to pay restitution, therefore the fact that minor received SSI could not be considered in determining whether restitution should be ordered.

The juvenile court found that minor had ability to pay restitution. It set the monthly restitution payment at $25 and total restitution at $36,381, ordering that liability would be joint and several with minor's co-offenders. Minor reserved his right to a restitution hearing and the juvenile court said it could adjust the restitution amount after a hearing.

Two months later, the People filed a motion for entry of judgment. Probation indicated minor had completed all of the terms and conditions of probation except full payment of victim restitution. The juvenile court terminated probation and DEJ, dismissed the wardship petition, and converted the unfulfilled restitution order to a civil judgment. Counsel for minor said she had no objection to the conversion, with the understanding that minor would file an appeal regarding the issue of minor's ability to pay.

Minor filed a notice of appeal on July 31, 2014, challenging the juvenile court's January 29, 2014 finding of ability to pay restitution and July 9, 2014 order. Although

the notice of appeal references a July 10, 2014 conversion order, the record shows the juvenile court entered the conversion order on July 9, 2014. We deem the notice of appeal to refer to the July 9 order.

## STATUTES GOVERNING DEJ AND RESTITUTION
## IN JUVENILE DELINQUENCY PROCEEDINGS

Before we address the contentions on appeal, it will be helpful to describe the statutes governing DEJ and restitution in juvenile delinquency proceedings. Where a minor is before the juvenile court for a determination whether he or she is a person described in section 602 because of the commission of a felony, the juvenile court may grant the minor DEJ if the minor is eligible for DEJ, the juvenile court finds that DEJ is suitable in that case, and the minor admits the allegations in the wardship petition. (§§ 790-791.) An order granting DEJ places a minor on probation without adjudging him or her a ward of the court and defers entry of judgment so the minor may complete probation and thereby avoid a judgment altogether. (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1308 (*Mario C.*).) When a minor is permitted to participate in DEJ, the juvenile court must impose certain requirements as conditions of probation. (§ 794.) The juvenile court may also require the minor to pay restitution. (*Ibid.*) As we explain in more detail in the Discussion, sections 730.6 and 742.16 govern restitution and apply to a minor who is granted DEJ and ordered to pay victim restitution. (§ 794; *G.C. v. Superior Court* (2010) 183 Cal.App.4th 371, 377 (*G.C.*).) Section 730.6 generally provides for restitution in juvenile delinquency cases. That statute requires a juvenile court to order a minor to pay victim restitution for economic losses caused by the minor. (§ 730.6, subds. (a)(1), (a)(2), (i), (*l*); see Cal. Const., art. I, § 28, subd. (b), par. (13) [a victim has a constitutional right to restitution].) And in cases involving vandalism, section 742.16 requires the juvenile court, with certain exceptions, to order as a condition of probation that the minor

5

wash, paint, repair, or replace the property defaced, damaged, or destroyed by the minor, or otherwise pay restitution, or both. (§ 742.16, subd. (a).)

If a minor who has been granted DEJ does not perform satisfactorily on probation, does not comply with the terms of probation, or is not benefiting from education, treatment, or rehabilitation, the juvenile court must lift the DEJ and schedule a dispositional hearing. (§ 793, subd. (a).) The juvenile court may impose the judgment previously deferred. (§§ 791, subd. (a)(4), 793, subd. (b).) If a minor has performed satisfactorily during the deferral period, at the end of that period the charge or charges in the wardship petition are dismissed, the arrest upon which the judgment was deferred is deemed never to have occurred, and any records in the possession of the juvenile court are sealed, except that the prosecuting attorney and the probation department shall have access to those records after they are sealed for the purpose of determining whether a minor is eligible for DEJ in the future. (§§ 791, subd. (a)(3), 793, subd. (c).) A minor's admission of the allegations in the petition is not deemed a finding that the petition was sustained for any purpose. (§ 791, subd. (c).)

## DISCUSSION

### I

We asked the parties to address whether this court has jurisdiction to consider minor's appeal. Minor contends this court has jurisdiction to review the juvenile court's order terminating probation, dismissing the wardship petition, and converting the restitution order to a civil judgment, because that order is a judgment within the meaning of section 800, subdivision (a) in that it renders a final determination of the rights of the parties. The People counter that a writ of mandate is the only mechanism by which minor can challenge the juvenile court's order.

A judgment or order of the juvenile court is not appealable unless expressly made so by statute. (*Mario C.*, *supra*, 124 Cal.App.4th at p. 1307; *People v. Superior*

6

*Court* (*Manuel G.*) (2002) 104 Cal.App.4th 915, 922.) Section 800, subdivision (a) governs an appeal by a minor who is, as here, the subject of a juvenile wardship proceeding. (*Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 788 ["The orders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800 . . . ."]; *Mario C.*, *supra*, 124 Cal.App.4th at p. 1307; *Manuel G., supra,* 104 Cal.App.4th at p. 922.) Section 800, subdivision (a) provides, "[a] judgment in a proceeding under Section 601 or 602 may be appealed from, by the minor, in the same manner as any final judgment . . . ."[2] (§ 800, subd. (a).)

Section 800 does not define the term judgment, but in general a judgment is "the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577; *Mario C., supra*, 124 Cal.App.4th at p. 1307.) No case discusses whether an order terminating probation, dismissing a wardship petition, and converting an unfulfilled restitution order to a civil judgment constitutes a judgment within the meaning of section 800, subdivision (a).

The People cite *Mario C., supra,* 124 Cal.App.4th 1303, *In re T.C.* (2012) 210 Cal.App.4th 1430 (*T.C.*), *Luis M. v. Superior Court* (2014) 59 Cal.4th 300 (*Luis M.*), and *G.C., supra,* 183 Cal.App.4th 371 in support of the contention that the exclusive method of review for a minor's claims is a petition for writ of mandate. But those cases are factually distinguishable.

---

**2** In adult criminal cases, Penal Code section 1237 authorizes appeals by the defendant from a "final judgment of conviction." (Pen. Code, § 1237, subd. (a); see also Pen. Code, § 1466, subd. (b)(1) [involving misdemeanor and infraction cases].) An order granting probation is deemed a final judgment within the meaning of Penal Code section 1237. (Pen. Code, § 1237, subd. (a).) Section 800 does not provide for an appeal by a minor from an order granting probation.

In *Mario C.* and *T.C.*, the Sixth District Court of Appeal held that an order granting DEJ is not appealable because such an order defers entry of judgment. (*T.C.*, *supra*, 210 Cal.App.4th at p. 1433; *Mario C., supra,* 124 Cal.App.4th at pp. 1308-1310.) Although an appealable judgment may ultimately be entered if the minor fails to successfully complete probation, there is no judgment before then from which to appeal. (*Ibid*.) However, unlike the minors in *Mario C.* and *T.C.*, the minor here did not appeal from an order granting DEJ. (*T.C., supra*, 210 Cal.App.4th at p. 1432; *Mario C., supra*, 124 Cal.4th at p. 1306.) He appealed from an order terminating probation, dismissing the petition, and converting a restitution order to a civil judgment. The appellate court in *Mario C.* and *T.C.* did not decide whether a judgment exists under these circumstances. *Luis M., supra,* 59 Cal.4th 300, and *G.C., supra,* 183 Cal.App.4th 371, the two other cases cited by the People, also do not involve the type of order before us and do not offer guidance on the specific issue presented.

Here, no appeal could lie prior to the juvenile court's July 9, 2014 order terminating probation, dismissing the wardship petition, and converting the restitution order to a civil judgment because minor was still on probation, no judgment had been entered, and there was no final resolution of the rights of the parties. (*Mario C., supra,* 124 Cal.App.4th at pp. 1308-1310; *T.C., supra*, 210 Cal.App.4th at pp. 1432-1433; see *People v. Mazurette* (2001) 24 Cal.4th 789, 792-794.) Prior to the termination of DEJ and dismissal of the petition, the juvenile court could have modified the amount of restitution. (§§ 730.6, subd. (h)(2), 742.16, subd. (k).) And based on appropriate evidence, it might have found the minor in violation of probation. (*T.C., supra*, 210 Cal.App.4th at p. 1433; *Mario C., supra*, 124 Cal.4th at p. 1310.) But the juvenile court rendered a final determination of the rights of the parties in the wardship proceeding when it entered the July 9, 2014 order. No further action by the juvenile court was contemplated after the order, and the order constitutes

8

a judgment under section 800, subdivision (a).  (Code Civ. Proc., § 577; *In re Q.N.* (2012) 211 Cal.App.4th 896, 905 [juvenile court order requiring county agency to initiate and fund minor's educational placement is an appealable order because it is a final determination of the rights of the parties in the matter and no further court action on the issue was contemplated].)

Because there was a judgment from which minor timely appealed, we do not consider minor's alternative arguments that his appellant's opening brief should be construed as a petition for writ of mandate.  We also do not consider whether prejudgment relief is available.

II

Minor next argues a juvenile court may only convert a restitution order to a civil judgment if it has adjudged the minor a ward of the court.

Minor raises an issue of statutory construction.  Our task in interpreting a statute is to determine the Legislature's intent so as to effectuate the purpose of the statute.  (*In re C.H.* (2011) 53 Cal.4th 94, 100.)  "We begin by examining the statutory language because the words of a statute are generally the most reliable indicator of legislative intent.  [Citations.]  We give the words of the statute their ordinary and usual meaning and view them in their statutory context.  [Citation.]  We harmonize the various parts of the enactment by considering them in the context of the statutory framework as a whole.  [Citations.]"  (*Ibid.*)  We avoid a construction that would render any word in the statute surplusage, if possible.  (*In re Anthony C.* (2006) 138 Cal.App.4th 1493, 1510.)

Victim restitution statutes serve to rehabilitate minors, deter future delinquent behavior, and compensate victims for economic loss.  (*In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1017; *In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387 (*Brittany L.*).)  We broadly and liberally construe restitution statutes to effectuate those purposes.  (*In re Keith C.* (2015) 236 Cal.App.4th 151, 155 (*Keith C.*);

9

*In re Alexander A*. (2011) 192 Cal.App.4th 847, 853; *In re Johnny M*. (2002) 100 Cal.App.4th 1128, 1132.)

Section 730.6 generally provides for restitution in juvenile delinquency cases. An order requiring the payment of victim restitution is enforceable as a civil judgment. (§ 730.6, subd. (i).) "If the judgment is for a restitution order . . . , the judgment may be enforced in the manner provided in Section 1214 of the Penal Code." (§ 730.6, subd. (r).) Pursuant to Penal Code section 1214, a restitution order is deemed a money judgment if the defendant was informed of his right to have a judicial determination of the amount and was provided with a hearing, waived a hearing, or stipulated to the amount of the restitution ordered. (Pen. Code, § 1214, subd. (b).) A victim may enforce any portion of a restitution order that is unsatisfied after minor is no longer on probation as if the order were a civil judgment. (§ 730.6, subd. (l); Pen. Code, § 1214, subd. (b).)

Moreover, in cases involving vandalism, section 742.16 also authorizes restitution. (§ 742.16, subd. (a).) Execution may be issued "in the same manner as on a judgment in a civil action, including any balance unpaid at the termination of the court's jurisdiction over the minor." (§ 742.16, subd. (j).) "At any time prior to the satisfaction of a judgment entered pursuant to this section, a person against whom the judgment was entered may petition the rendering court to modify or vacate the judgment on the showing of a change in circumstances relating to his or her ability to pay the judgment." (§ 742.16, subd. (k).)

In amending sections 781 and 786, the Legislature recently reaffirmed that section 730.6 authorizes a juvenile court to convert a restitution order to a civil judgment. Section 781, which provides for the sealing of juvenile delinquency records, states in subdivision (a)(2): "An unfulfilled order of restitution that has been converted to a civil judgment pursuant to Section 730.6 shall not be a bar to sealing a record pursuant to this subdivision." Section 786, relating to the completion of

10

informal supervision or probation, similarly provides: "An unfulfilled order or condition of restitution, including a restitution fine that can be converted to a civil judgment under Section 730.6 or an unpaid restitution fee shall not be deemed to constitute unsatisfactory completion of supervision or probation under this section." (§ 786, subd. (c)(2).) "This section does not prohibit a court from enforcing a civil judgment for an unfulfilled order of restitution ordered pursuant to Section 730.6." (§ 786, subd. (g)(1).)

Citing *In re K.C.* (2013) 220 Cal.App.4th 465, minor claims the juvenile court can only convert a restitution order to a civil judgment when it finds that a minor is a person described in section 602. *K.C.* is inapplicable because it does not involve a grant of DEJ under sections 790 et seq. The minor in *K.C.* was placed on informal supervision under section 654.2. (*K.C., supra*, 220 Cal.App.4th at pp. 467-468.) The distinction is significant because section 794, which applies in DEJ cases, expressly states that the minor "may also be required to pay restitution to the victim or victims pursuant to the provisions of this code." (§ 794.) Unlike the circumstances in *K.C.*, section 794 thus applies to DEJ cases the restitution provisions such as sections 730.6 and 742.16.

Minor agrees that section 794 incorporates sections 730.6 and 742.16. But he says sections 730.6 and 742.16 are nevertheless inapplicable because the juvenile court dismissed the wardship petition. According to minor, no civil judgment may be entered when a wardship petition is dismissed under section 793, because section 793 erases the arrest upon which the judgment was deferred. Minor argues restitution cannot survive a dismissal under section 793. We disagree. Minor's obligation to pay victim restitution ordered by the juvenile court continues until the obligation is satisfied in full. (§ 730.6, subd. (*l*); see § 786, subd. (g) [dismissal of petition upon satisfactory completion of probation does not prohibit a court from enforcing a civil judgment for an unfulfilled order of restitution ordered pursuant to section 730.6].) A juvenile's

11

obligation to pay restitution survives the termination of the juvenile court's jurisdiction. (§ 742.16, subd. (j); *Keith C., supra*, 236 Cal.App.4th at p. 155.) Section 793 does not state that dismissal of the wardship petition upon minor's successful completion of a DEJ program relieves minor of the obligation to pay victim restitution.

Broadly construing sections 730.6 and 742.16 to effectuate the purposes of victim restitution statutes, we conclude a juvenile court has the authority to convert an unfulfilled restitution order to a civil judgment when it terminates a minor's DEJ probation and dismisses the wardship petition. Sections 730.6 and 742.16 apply to this case even though the juvenile court did not adjudge minor a ward of the court. (§ 794; *G.C., supra,* 183 Cal.App.4th at p. 377.) Accordingly, we need not address the Attorney General's argument that minor is estopped from raising the claim that the conversion order was an act in excess of the juvenile court's jurisdiction.

### III

Minor further contends the juvenile court misapplied the law in ordering restitution. He claims the court erred (A) in considering minor's SSI benefits, (B) in failing to reduce the total amount of restitution based on minor's inability to pay, and (C) in exceeding the $20,000 cap set forth in section 742.16, subdivision (n). Because minor could not assert these contentions in an appeal until now, we will discuss them.

### A

We begin with minor's claim that the juvenile court should not have considered minor's SSI benefits.

In determining a minor's ability to pay victim restitution, a juvenile court may consider minor's income, assets, expenses, and future income. (*In re Brian S*. (1982) 130 Cal.App.3d 523, 532 (*Brian S*.); see §§ 730.6, subd. (d), 730.7, subd. (a), 903, subd. (c); *People v. Hodgkin* (1987) 194 Cal.App.3d 795, 803-805.) An assessment of minor's ability to pay should be based on a complete picture of minor's financial

resources, expenses, and obligations.  (*Kays v. State* (Ind. 2012) 963 N.E.2d 507, 510-511 (*Kays*).)

Minor cites *In re S.M.* (2012) 209 Cal.App.4th 21 (*S.M.*).  In that case, the county sought to recover the cost of legal services provided to a minor and the minor's mother in a juvenile dependency proceeding.  (*Id.* at p. 25.)  The juvenile court ordered the mother to make $20 monthly payments, but the mother argued on appeal that the juvenile court erred in treating her SSI benefits as income.  (*Id.* at pp. 26, 28.)

The appellate court noted that unlike other social security benefits, SSI benefits are based on need, ensuring that the recipient maintains a minimally decent standard of living.  (*S.M.*, *supra*, 209 Cal.App.4th at pp. 28-29.)  The court considered provisions in the Family Code which exempt need-based public assistance payments from a parent's income for purposes of determining guideline child support, and concluded SSI benefits should not be considered in determining the mother's ability to pay the legal fees.  (*S.M., supra*, 209 Cal.App.4th at pp. 29-30.)  The appellate court reasoned that treating SSI benefits as income would be inconsistent with the SSI purpose of assuring a minimum level of income for eligible individuals.  (*Id.* at p. 30.)

We decline to apply the holding of *S.M.* in the context of determining ability to pay restitution, because SSI benefits can be used to pay a portion of a person's monthly expenses (20 C.F.R. §§ 416.635(a), 416.640(a) (2016)), and the requirement to make a victim whole through payment of restitution rises to the level of constitutional importance.  (Cal. Const., art. I, § 28, subd. (b), par. (13).)

In *Kays, supra,* 963 N.E.2d 507, the Indiana Supreme Court held it is proper for a court to consider social security benefits in determining a defendant's ability to pay restitution.  (*Kays, supra,* 963 N.E.2d at p. 510; contra, *State v. Eaton* (Mont. 2004) 99 P.3d 661, 665-666.)  According to the court in *Kays*, "ignoring a defendant's social security income may paint a distorted picture of her ability to pay restitution.  For

13

example, a debt-free defendant who lives with a family member and receives room and board at no charge may very well have the ability to pay restitution even if her only income is from social security." (*Kays, supra,* 963 N.E.2d at p. 510.) The Court recognized that section 407(a) of title 42 of the United States Code prohibits "execution, levy, attachment, garnishment, or other legal process" against social security income. (*Kays, supra,* 963 N.E.2d at p. 510.) It said, however, that even if the State cannot levy against a person's social security benefits to collect the restitution, the social security benefits reflect "an important part of the person's total financial picture that a trial court may consider in determining ability to pay." (*Id.* at p. 511.)

*Kays* cites federal court opinions that similarly permitted consideration of income that cannot be levied against in assessing a person's ability to pay fines or restitution. (*Kays, supra,* 963 N.E.2d at p. 511 [citing *United States v. Lampien* (7th Cir. 2001) 1 Fed.Appx. 528, 533, fn. 3, involving prospective OASDI benefits; *United States v. Smith* (4th Cir. 1995) 47 F.3d 681, 684, involving pension benefits; and *Gleave v. Graham* (W.D.N.Y. 1997) 954 F.Supp. 599, 610-611, involving veterans' disability benefits].) And in *United States v. Scales* (5th Cir. 2016) 639 Fed.Appx. 233, 238, the court held it was not error to require the defendant to make a monthly restitution payment significantly less than the amount of SSI benefits.

In this case, minor's income consisted of SSI and food stamps. The disability benefits minor's father received were also used to pay for minor's needs. In addition, the juvenile court could consider minor's future income in assessing ability to pay. (*Brian S*., *supra*, 130 Cal.App.3d at p. 532; see § 730.6, subd. (d).) We conclude the juvenile court appropriately considered minor's SSI benefits, among other things (*Kays, supra,* 963 N.E.2d at pp. 510-511), recognizing that the juvenile court could not compel minor to *use* his SSI benefits to pay restitution. (42 U.S.C. §§ 407(a),

14

1383(d)(1); *In re Michael S*. (W.Va. 1999) 524 S.E.2d 443, 445-446.)  Here, the civil judgment does not compel minor to pay restitution from his SSI benefits.

B

Minor next claims the juvenile court erred in failing to reduce the total amount of restitution based on minor's inability to pay.

After the juvenile court determined that minor had the ability to pay restitution, it suggested setting a restitution hearing.  Counsel for minor said she wanted to "provisionally agree to whatever amount, reserving the right to have a restitution hearing" because she wanted to file a writ regarding minor's SSI benefits.  The parties agreed the court should set an amount based on ability to pay.  The juvenile court concurred, saying a hearing should be provided if it becomes necessary, adding that the minor had $12 but "things can be deferred to set other people whole."  The court ordered minor to pay $25 per month in restitution.  Counsel for minor proposed total restitution of $300, but when the prosecutor said total restitution was $36,381, minor's counsel simply said "Reserved."  Apparently minor never requested a hearing on any issue reserved during the January 29, 2014 proceeding.

The juvenile court recognized its responsibility to order full restitution unless it found full restitution was not appropriate (§§ 742.10, subd. (a), 742.16, subd. (a); see 730.6, subd. (h)(1)), and it properly concluded that minor could make restitution payments in the future.  (*Brian S., supra*, 130 Cal.App.3d at p. 532.)  A minor's obligation to pay victim restitution extends into adulthood and beyond the termination of the juvenile court's jurisdiction.  (§ 730.6, subd. (*l*); *Keith C., supra*, 236 Cal.App.4th at p. 155; *In re Michael S*. (2007) 147 Cal.App.4th 1443, 1456-1457.) These requirements help to make the victim whole, help minor understand the harm he caused and his responsibility to the victim, and help deter future criminal conduct. (See generally *Brian S., supra*, 130 Cal.App.3d at pp. 528-529 [purposes of victim restitution]; *Brittany L., supra,* 99 Cal.App.4th at p. 1387 [same].)

15

Minor was attending high school full time. While he did not have a job, nothing in the record indicates he could not get one in the future. Nothing in *G.C., supra*, 183 Cal.App.4th 371, requires a minor to pay the entire restitution amount during the deferral period or precludes a juvenile court from considering future income in considering a minor's ability to pay.

A restitution order is reviewed for abuse of discretion, and there is no abuse of discretion if there is a factual and rational basis for the amount ordered. (*In re Johnny M., supra*, 100 Cal.App.4th at p. 1132.) The juvenile court did not abuse its discretion.

C

Minor also argues the juvenile court erred in ordering restitution in excess of the $20,000 cap set forth in section 742.16, subdivision (n), which provides that in any proceeding pursuant to section 742.16, the maximum amount that a parent or a minor may be ordered to pay shall not exceed $20,000 for each tort of a minor.

The Attorney General counters that the $36,381 restitution order is proper because the wardship petition alleged that minor committed multiple tortious acts. Minor responds that he did not admit all allegations, he only admitted vandalizing a brick wall and being on park property after hours.

Minor's contention is forfeited because he did not assert it in the juvenile court. The juvenile court and the prosecutor did not have an opportunity to address minor's specific claim, and facts concerning which acts of vandalism minor committed were not developed. Thus, considerations of fairness preclude us from considering minor's claim on appeal. (*In re Sheena K*. (2007) 40 Cal.4th 875, 885 [it is appropriate to apply the forfeiture rule to appellate claims involving discretionary sentencing choices because the trial court is in a better position to review and modify a sentence option that is premised upon the facts and circumstances of the individual case]; *In re Kevin S*. (1996) 41 Cal.App.4th 882, 886.)

DISPOSITION

The judgment is affirmed.

                                                     /S/
                                               MAURO, J.

We concur:

      /S/
NICHOLSON, Acting P. J.

      /S/
ROBIE, J.