169 Cal.App.4th 1 (2008)
In re M.W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
M.W., Defendant and Appellant.
No. F054526.
Court of Appeals of California, Fifth District.
December 12, 2008.
*3 Catherine Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lloyd G. Carter and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
WISEMAN, Acting P. J. 
In this opinion, we hold that the cost of mental health services directly incurred by the victim of a crime that is committed by a juvenile is authorized as restitution pursuant to Welfare and Institutions Code section 730.6, subdivision (h).[1]

PROCEDURAL AND FACTUAL SUMMARIES
In 2005, the minor M.W. was adjudicated a ward of the juvenile court pursuant to section 602 after he admitted having committed a lewd act on a *4 younger cousin. The minor was placed in the custody of a probation officer, pursuant to standard terms of probation, and was confined to an appropriate group home. He was enrolled in a sexual offender treatment program and received other necessary services. Ultimately, the minor was furloughed to his parents in 2007. In September 2007, the prosecution sought and the court ordered restitution to the victim for the cost of mental health services in the amount of $4,320. The minor challenges this order on appeal.

DISCUSSION
The minor contends that the restitution was unauthorized by the statute. He argues that, although the costs of mental health services are specifically authorized as a restitution award under the adult restitution statute, Penal Code section 1202.4, it is not expressly authorized under section 730.6, subdivision (h). His argument rests on the principle that, where the Legislature uses materially different language in addressing related subjects, the courts generally will infer the difference is intentional and compels different understandings. (See People v. Trevino (2001) 26 Cal.4th 237, 242 [109 Cal.Rptr.2d 567, 27 P.3d 283].) Since the minor's argument rests on the interpretation of statutory language, we review the issue de novo. (In re R.D. (2008) 163 Cal.App.4th 679, 686 [77 Cal.Rptr.3d 793] [proper interpretation of juvenile law statute is question of law appellate court reviews de novo].)
(1) Section 730.6 governs restitution in cases where a minor is adjudicated a ward of the court pursuant to section 602. (In re Johnny M. (2002) 100 Cal.App.4th 1128, 1131 [123 Cal.Rptr.2d 316].) Section 730.6 parallels Penal Code section 1202.4, which governs adult restitution. (In re Johnny M., supra, at p. 1131.) Like Penal Code section 1202.4, section 730.6 is an implementing statute, implementing the will of the electorate expressed when article 1, section 28, subdivision (b) (Article 1, section 28), was added to the California Constitution, that all victims of crime who suffer direct economic loss be compensated. (People v. Broussard (1993) 5 Cal.4th 1067, 1071-1072 [22 Cal.Rptr.2d 278, 856 P.2d 1134].) Section 730.6 provides in part: "(a)(1) It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs any economic loss as a result of the minor's conduct shall receive restitution directly from that minor. [¶] (2) ... [T]he court shall order the minor to pay, in addition to any other penalty provided or imposed under the law, both of the following: [¶] ... [¶] (B) Restitution to the victim or victims, if any, in accordance with subdivision (h)." Subdivision (h) of section 730.6 provides in part: Subdivision (h) of section 730.6 provides in part: "A restitution order pursuant to subparagraph (B) of paragraph (2) of subdivision (a), to the extent possible, shall identify ... the amount of each victim's loss to which it pertains, and shall be of a dollar amount sufficient to fully reimburse the *5 victim or victims for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602, including all of the following: [¶] (1) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the replacement cost of like property, or the actual cost of repairing the property when repair is possible. [¶] (2) Medical expenses. [¶] (3) Wages or profits lost due to injury incurred by the victim.... [¶] (4) Wages or profits lost by the victim ... due to time spent as a witness or in assisting the police or prosecution."
The minor does not challenge the implicit finding that the expenses were incurred directly by the victim or the amount claimed. His position is simply that, because the costs of mental health services are identified expressly in Penal Code section 1202.4 of the adult restitution statute as a recoverable loss, and there is no equivalent identified recoverable loss in section 730.6, the Legislature has not authorized their recovery pursuant to a restitution order in a juvenile case.
(2) In construing a statute, our principal task is to ascertain the intent of the Legislature. (Yoshisato v. Superior Court (1992) 2 Cal.4th 978, 989 [9 Cal.Rptr.2d 102, 831 P.2d 327].) First, we examine the words themselves, giving them their ordinary meaning. (People v. Broussard, supra, 5 Cal.4th at p. 1071.) (3) In this case the words of the statute (what is stated rather than what is not stated) compel us to conclude that a victim is entitled to restitution for "all determined economic losses." This is consistent with the expressed intent of Article 1, section 28, that "all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (See also Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] [intent prevails over letter, and letter will, when possible, be read to conform to spirit of statute]; People v. Walker (2002) 29 Cal.4th 577, 581 [128 Cal.Rptr.2d 75, 59 P.3d 150] [courts must construe statutory provisions with regard to effectuating legislative purpose].)
Although subdivision (h) of section 730.6 lists certain categories of economic loss as providing an appropriate basis for a restitution order, it is not intended to be an inclusive list. The term "economic loss" in the juvenile restitution statute must be given an expansive interpretation because any interpretation that limits a victim's rights to restitution would derogate the expressed intent and purposes of Article 1, section 28, and the provisions of the implementing statutes. (In re Johnny M., supra, 100 Cal.App.4th at p. 1131, citing People v. Carbajal (1995) 10 Cal.4th 1114, 1122 [43 Cal.Rptr.2d 681, 899 P.2d 67].) The court in In re Johnny M. held that the use of the term "including" in section 730.6, subdivision (h), like the use of the *6 term "including, but not limited to," in Penal Code section 1202.4, suggests a legislative intention to allow broad discretion in providing for recovery of a victim's economic loss from the offender. (In re Johnny M., supra, at pp. 1135-1136.) This language does not create a limitation on the types of economic losses recoverable as restitution. To the contrary, "`including all of the following'is a phrase of enlargement, meaning the categories of economic losses explicitly identified in the statute are not exhaustive. [Citation.]" (In re Imran Q. (2008) 158 Cal.App.4th 1316, 1320 [71 Cal.Rptr.3d 121]; see also People v. Mearns (2002) 97 Cal.App.4th 493, 503 [118 Cal.Rptr.2d 511] [affirming restitution award of relocation expenses incurred by rape victim even though moving expenses were not specifically covered by Pen. Code, § 1202.4; trauma of rape forced victim to move and this was economic loss resulting from defendant's conduct]; People v. Phelps (1996) 41 Cal.App.4th 946, 950-952 [48 Cal.Rptr.2d 855] [affirming restitution award of future medical expenses because victim's injuries were direct result of defendant's criminal conduct even though such expenses were not specifically enumerated in Pen. Code, § 1202.4].) Under the statutory authority, the juvenile court is vested with discretion to order restitution to further the legislative objectives of making the victim whole, rehabilitating the minor, and deterring future delinquent behavior. (In re Tommy A. (2005) 131 Cal.App.4th 1580, 1587-1588 [33 Cal.Rptr.3d 103].)
(4) In California, courts must order full restitution to victims of crimes for all economic losses except where compelling and extraordinary reasons exist. (Art. 1, § 28, subd. (b).) It should surprise no one that victims of crimes often need the services of a mental health professional in order to resume normal life activities. Mental health services often require the payment of professional fees. These are direct costs to the victim and are recoverable under the statutory authority providing for full recovery of all economic losses.
(5) Our conclusion that the cost of mental health services is recoverable even though not specifically enumerated in section 730.6, subdivision (h), is bolstered by the decision in People v. Keichler (2005) 129 Cal.App.4th 1039 [29 Cal.Rptr.3d 120]. In Keichler, the victims sought as restitution the costs of nontraditional Hmong healing ceremonies under Penal Code section 1202.4. These costs do not fall under any of the categories of economic losses enumerated in Penal Code section 1202.4. The court concluded that the Hmong healing ceremony is a ceremony designed to heal the victim of a trauma or sickness. It determined that the ceremony is important to the physical and psychological health of Hmong victims, serves the same purposes for Hmong victims as counseling and other psychological treatment serves for non-Hmong victims, and falls within the spirit of the statutory intent to make all victims of crimes economically whole. (People v. Keichler, supra, at p. 1047.) Like the court in Keichler, we believe the restitution *7 statutes require an expansive reading and conclude that section 730.6 authorizes the juvenile court to order restitution to the victim for the cost of mental health services.

DISPOSITION
The order of restitution is affirmed.
Levy, J., and Hill, J., concurred.
NOTES
[1] All further references are to the Welfare and Institutions Code unless indicated otherwise.