Filed 4/30/20 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | C088227 |
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>J.H.,<br><br>Defendant and Respondent. | (Super. Ct. No. 61891)<br><br>ORDER DENYING PETITION FOR REHEARING AND MODIFYING OPINION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

Respondent filed a petition for rehearing with this court. It is ordered that the published opinion filed herein on April 6, 2020, be modified as follows:

1. At page 4 of the slip opinion, modify the last sentence of the first full paragraph, so that it reads as follows:

1

Notably, Penal Code section 1214, subdivision (e) does not mention juvenile restitution orders.

2. At page 6 of the slip opinion, modify the first sentence of the last paragraph, so that it reads as follows:

By enacting subdivision (r) of section 730.6, and expressly linking enforcement of juvenile restitution orders to procedures for enforcing adult restitution orders, the Legislature intended to continue the parallel treatment of criminal and juvenile restitution.

There is no change in the judgment.  Respondent's petition for rehearing is denied.

BY THE COURT:

/S/
_____
DUARTE, Acting P. J.

/S/
_____
RENNER, J.

/S/
_____
KRAUSE, J.

Filed 4/6/20 (unmodified opinion)

 CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re J.H., a Person Coming Under the Juvenile Court Law. | C088227 |
| THE PEOPLE, | (Super. Ct. No. 61891) |
| Plaintiff and Appellant, | |
| v. | |
| J.H., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, Gus C. Barrera, II, Judge. Reversed.

J. Mark Myles, County Counsel, Erin H. Sakata, Deputy County Counsel; Freeman Firm and Thomas H. Keeling, for Plaintiff and Appellant.

Jennifer B. Henning for California State Association of Counties as Amicus Curiae on behalf of Plaintiff and Appellant.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Respondent.

This case addresses the enforcement of restitution orders in delinquency cases. Respondent J.H. was ordered to pay restitution as part of a juvenile delinquency adjudication (Welf. & Inst. Code, § 602) in 2005.[1] J.H.'s wardship terminated on June 6, 2014, after which writs of execution were issued for the unpaid balance. J.H. subsequently moved to quash. The superior court granted the motion, finding the restitution order was no longer valid because the 10-year enforcement period for money judgments had expired without renewal of the restitution order as required by section 683.020 of the Code of Civil Procedure.

The People appeal, contending restitution orders imposed in delinquency proceedings are not subject to the 10-year enforcement period of Code of Civil Procedure section 683.020. We conclude that, while restitution orders in delinquency cases are enforceable as money judgments and can be converted to money judgments, they are not money judgments for the purpose of the 10-year enforcement limit. Accordingly, we shall reverse.

## I. BACKGROUND

On December 23, 2004, a delinquency petition was filed in the juvenile court alleging 11-year-old J.H. committed felony vandalism. (Pen. Code, § 549, subd. (b)(1).) On August 1, 2005, J.H. was adjudged a ward of the court after admitting to misdemeanor vandalism and unlawfully causing a fire to the property of another (Pen. Code, § 452, subd. (d)). He was placed on probation and ordered to pay victim restitution as a condition of probation. The victim restitution was initially set at $18,439.91 and was modified upward to $35,926.90 on August 15, 2006. J.H.'s motion to terminate the delinquency was granted on June 6, 2014.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

On June 30, 2015, the juvenile division of the San Joaquin County Superior Court issued a writ of execution against J.H. for $33,413.31 addressed to the Alameda County Sheriff. On April 9, 2018, the juvenile division issued another writ of execution against J.H. for $28,355.31 addressed to the Tuolumne County Sheriff.

J.H. filed a "Motion to Quash Earnings Withholding Order" on July 18, 2018. The motion asserted the writ of execution was invalid under Code of Civil Procedure section 683.020 because the restitution order was enforceable for only 10 years absent renewal of the order. Following a contested hearing, the superior court granted the motion, finding the restitution order had not been renewed within 10 years and therefore expired pursuant to Code of Civil Procedure section 683.020.

## II. DISCUSSION

The California Constitution guarantees crime victims the right to restitution. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) If a minor is adjudged a ward of the court under section 602, then the juvenile court shall order restitution for the minor's victims for economic losses, unless the juvenile court finds compelling reasons not to do so and states the reasons on the record. (§ 730.6, subds. (a)(2)(B), (h)(1).) The question before us is whether such restitution orders are subject to Code of Civil Procedure section 683.020, which provides that money judgments will become unenforceable 10 years after the date of entry, unless they are renewed. (Code Civ. Proc., § 683.020.)

The People argue that Code of Civil Procedure section 683.020 does not apply. The People rely primarily on subdivision (*l*) of section 730.6, which states: "Upon a minor being found to be a person described in Section 602, the court shall require, as a condition of probation, the payment of restitution fines and orders imposed under this section. Any portion of a restitution order that remains unsatisfied after a minor is no longer on probation shall continue to be enforceable by a victim pursuant to subdivision (r) until the obligation is satisfied in full." Subdivision (r) provides: "If the judgment is for a restitution fine ordered pursuant to subparagraph (A) of paragraph (2) of subdivision

3

(a), or a restitution order imposed pursuant to subparagraph (B) of paragraph (2) of subdivision (a), the judgment may be enforced in the manner provided in Section 1214 of the Penal Code."

Penal Code section 1214 in turn addresses the enforcement of fines and adult restitution orders under Penal Code sections 1202.4, 1202.44, and 1202.45, along with earlier provisions addressing restitution, former Penal Code section 1203.04 and former Government Code section 13967. (Pen. Code, § 1214, subd. (a).) Penal Code section 1214 provides in significant part that a restitution order "shall be fully enforceable by a victim as if the restitution order were a civil judgment, and enforceable in the same manner as is provided for the enforcement of any other money judgment." (Pen. Code, § 1214, subd. (b).) However, Penal Code section 1214's directive that adult restitution orders should be enforced like civil money judgments contains a significant limitation. Specifically, Penal Code section 1214, subdivision (e) provides: "Chapter 3 (commencing with section 683.010) of Division 1 of Title 9 of Part 2 of the Code of Civil Procedure shall not apply to any of the following: [¶] . . . [¶] (2) A restitution fine or restitution order imposed pursuant to [Penal Code] Section 1202.4, 1202.44, or 1202.45, or Section 1203.04, as operative on or before August 2, 1995, or Section 13967 of the Government Code, as operative on or before September 28, 1994." (Pen. Code, § 1202.4, subd. (e).) Thus, Penal Code section 1214, subdivision (e)(2) makes clear that Code of Civil Procedure section 683.020 does not apply to adult restitution orders. Notably, Penal Code section 1214, subdivision (e) does not mention juvenile restitution fines.

The People argue that section 730.6, subdivision (*l*), which makes any unpaid victim restitution enforceable by the victim until satisfied in full, keeps the restitution order in force until it is paid off. According to the People, a restitution order under section 730.6 is enforceable as a money judgment, but it is not a money judgment. In support of this claim the People note that restitution orders, unlike money judgments, are not dischargeable in bankruptcy (see *People v. Moser* (1996) 50 Cal.App.4th 130, 135-

4

136) and do not earn interest until satisfied (see *People v. Hart* (1998) 65 Cal.App.4th 902, 906). Finding the superior court's order contrary to the constitutional guarantee of victim restitution, the People ask us to reverse the trial court's order.

J.H. responds that since a restitution order in a delinquency case is enforced through Penal Code section 1214, it is a money judgment as stated by that statute. The superior court agreed with this view and found the exception for adult restitution orders contained in Penal Code section 1214, subdivision (e) inapplicable because it does not expressly mention section 730.6. Relying on *In re Keith C.* (2015) 236 Cal.App.4th 151 (*Keith C.*), the superior court concluded that the 10-year limit on the enforceability of money judgments in Code of Civil Procedure section 683.020 governed and that the restitution order was therefore unenforceable. We disagree.

Before setting forth our reasoning, we note that J.H. claims the trial court's ruling involves a restitution order and is subject to review for abuse of discretion. Not so. This is a matter of statutory construction, which we review de novo on appeal. (*Concerned Dublin Citizens v. City of Dublin* (2013) 214 Cal.App.4th 1301, 1311.)

"Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy. [Citations.]" (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

5

A victim's right to restitution is given a broad and liberal construction.  (*People v. Phu* (2009) 179 Cal.App.4th 280, 283.)  And statutory language is to be construed in the context of the relevant statutory scheme rather than read in isolation.  (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)  These two principles govern the outcome of this case.

"Section 730.6 parallels Penal Code section 1202.4, which governs adult restitution.  [Citation.]  Like Penal Code section 1202.4, section 730.6 is an implementing statute, implementing the will of the electorate expressed when article 1, section 28, subdivision (b) . . . was added to the California Constitution, that all victims of crime who suffer direct economic loss be compensated.  [Citation.]"  (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.)

It is therefore no surprise that the Legislature intended for section 730.6 restitution orders to be enforceable like their adult counterparts, and, rather than creating a separate enforcement section, provided for the restitution order to be "enforced in the manner provided in Section 1214 of the Penal Code."  (§ 730.6, subd. (r).)  The superior court erred in failing to harmonize the statutes and give full effect to this mandate.

By enacting subdivision (r) of section 730.6, and expressly linking enforcement of juvenile restitution fines to procedures for enforcing adult restitution fines, the Legislature intended to continue the parallel treatment of criminal and juvenile restitution.  This means every relevant portion of Penal Code section 1214 applies to the enforcement of delinquency restitution orders, including subdivision (e)(2)'s directive that Chapter 3 of Division 1 of Title 9 of Part 2 of the Code of Civil Procedure (governing enforceability and renewal of money judgments) shall not apply to certain statutory restitution fines and orders, including those entered under section 730.6.  Thus, we conclude that while a restitution order in a delinquency case is enforceable like a money judgment, it is not a money judgment for the purpose of applying the 10-year

6

period of enforceability of money judgments contained in Code of Civil Procedure section 683.020.

The cases J.H. relies on do not support a different result. *Keith C.* addressed whether the juvenile court was authorized to enter an abstract of judgment restating the victim restitution order at the termination of a wardship, more than two years after the minor turned 21.[2] (*Keith C., supra*, 236 Cal.App.4th at p. 153.) The Court of Appeal found the juvenile court had authority to enforce the restitution order against the minor "in the same manner as a civil money judgment (see § 730.6, subds. (i) & (r); Pen. Code, § 1214, subd. (b))." (*Id.* at p. 156.) "Under the provisions of the Code of Civil Procedure applicable to the enforcement of money judgments," the Court of Appeal explained, "the juvenile court has the authority to renew restitution orders and the obligation to issue abstracts of judgment for at least 10 years. (Code Civ. Proc., §§ 674, subd. (a) [same court that has entered a judgment must issue an abstract of judgment], 683.020, 683.120, 683.130, subd. (a).)" (*Ibid.*) The minor was therefore obligated to pay restitution beyond the period of wardship and the termination of juvenile court jurisdiction. (*Id.* at p. 157.)

Although the Court of Appeal held that the juvenile court was obligated to issue an abstract that would allow the victim to collect restitution after the wardship ended, and invoked relevant provisions of the Code of Civil Procedure as a means of furthering the goal that restitution be collected, the opinion does not address whether a restitution order is void if not renewed under the Code of Civil Procedure within 10 years of the initial order, as the superior court held here. (*People v. Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7

---

[2] J.H. also invokes *In re J.G.* (2019) 6 Cal.5th 867 in support of the superior court's ruling. The Supreme Court held in *J.G.* that a juvenile court was authorized to convert an unfulfilled restitution order into a civil judgment upon terminating deferred entry of judgment probation and dismissing the wardship petition. (*Id.* at pp. 869-870.) This holding does not address the application of Code of Civil Procedure section 683.020 and is inapposite.

["It is axiomatic that cases are not authority for propositions not considered"].) J.H.'s reliance on *Keith C.* is misplaced.

J.H. asserts that reversing the superior court's ruling will allow a restitution order made for acts committed when he was 11 years old to "remain in effect indefinitely." J.H. overlooks the fact that the renewal process required under the superior court's ruling would also allow for the restitution order to remain in effect indefinitely so long as it is renewed in compliance with the procedures set forth in the Code of Civil Procedure. If J.H. wishes to be freed from the restitution order, he may petition to modify the order in the juvenile court. (§ 730.6, subd. (h)(2).)

## III. DISPOSITION

The order of the superior court quashing the writ of execution is reversed.

/S/

---
RENNER, J.

We concur:

/S/

---
DUARTE, Acting P. J.

/S/

---
KRAUSE, J.

8