Filed 1/24/22  In re E.L. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| IN RE E.L., A Person Coming Under the Juvenile Court Law.<br><br>———————————————<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>E.L.,<br><br>    Defendant and Appellant. | 2d Juv. No. B310363<br>(Super. Ct. No. PJ53299)<br>(Los Angeles County) |

E.L. appeals the juvenile court's order requiring her to pay $5,275.89 in victim restitution pursuant to Welfare and

Institutions Code[1] section 730.6.  Appellant challenges the sufficiency of the evidence supporting the order.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 21, 2019, appellant was charged in a section 602 petition with battery (Pen. Code, § 242).  The detention report alleged that on May 17, 2019, appellant and two other individuals battered the victim, Gustavo A., after he discovered them inside his vehicle.  Appellant was placed on informal supervision pursuant to section 654 and a restitution hearing was set for September 17, 2019.

Gustavo A. testified at the restitution hearing.  As a result of the battery Gustavo suffered bruises, scrapes, open wounds, and a back injury.  Gustavo had to go to the emergency room at West Hills Hospital (West Hills) for treatment and submitted an invoice from West Hills reflecting $4,557.04 in medical costs.  Gustavo's vehicle, eyeglasses, cellphone, and insulin pump were also damaged during the assault.  He submitted documentary evidence of $948.50 in damage to his vehicle and estimates of $8,688.90 to replace his insulin pump, $633.34 to replace his glasses, and $999.99 to replace his cellphone.  At the conclusion of the hearing, the juvenile court rejected appellant's claim that the evidence was insufficient to support the claimed losses and ordered appellant and her two accomplices to jointly and severally pay $15,827.69 in victim restitution.[2]

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

[2] Appellant filed a notice of appeal from the court's restitution order, but subsequently abandoned her appeal because the order was not appealable. (*In re M.T.* (2019) 43 Cal.App.5th 947, 953-954.)

Appellant's informal supervision order was subsequently continued pursuant to section 654.2 and the matter was ultimately set for a termination hearing on February 3, 2021. At the hearing, appellant reiterated her assertion that the evidence was insufficient to support the amount of restitution ordered and alternatively asked the court to order that appellant and her accomplices each be ordered to pay one-third of the restitution amount, i.e., $5,275.89, rather than imposing joint and several liability. The court rejected appellant's claim of insufficient evidence but reduced her restitution order to $5,275.89 as requested, entered that order as a civil judgment, dismissed the section 602 petition and ordered the records thereof sealed, and terminated jurisdiction.

## DISCUSSION

Appellant contends the evidence is insufficient to support the restitution order. We disagree.

"Section 730.6 governs restitution in cases where a minor is adjudicated a ward of the court pursuant to section 602. [Citation.] Section 730.6 parallels Penal Code section 1202.4, which governs adult restitution. [Citation.]" (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.) "Generally speaking, restitution awards are vested in the trial court's discretion and will be disturbed on appeal only where an abuse of discretion appears." (*In re K.F.* (2009) 173 Cal.App.4th 655, 661.) "'"When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court."' [Citation.]" (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)

When a minor contends the evidence is insufficient to support a restitution order, we review the order for substantial evidence. (*In re K.F., supra,* 173 Cal.App.4th at pp. 661-662.) In

3

conducting this review, "'"the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.'" (*People v. Sy* (2014) 223 Cal.App.4th 44, 63.) The standard of proof at a restitution hearing is a preponderance of the evidence, and if "'the circumstances reasonably justify the [court's] findings,' the judgment may not be overturned when the circumstances might also reasonably support a contrary finding." (*Ibid.*)

In ordering restitution, the court may consider a property owner's statement about the value of stolen or damaged property as prima facie evidence of his or her economic losses. (*In re S.S.* (1995) 37 Cal.App.4th 543, 547.) Once the victim makes the requisite prima facie showing, the burden shifts to the defendant to disprove the amount of claimed losses. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 886.) This procedure "complies with the statutory mandate that the amount of restitution is to be based on the 'loss claimed by the victim' and the designated right of the defendant to a hearing 'to dispute the determination of the amount of restitution.' [Citation.]" (*Ibid.*)

Appellant does not dispute that the evidence is sufficient to support the amounts ordered to compensate the victim for the damage to his vehicle and the costs to replace his eyeglasses and insulin pump. She claims, however, that the victim presented insufficient evidence of $4,557.04 in medical and related expenses. She notes that the invoice the victim submitted from West Hills states that "this is not a bill and does not show the amount you owe. The amount you owe will be sent to you separately on your hospital bill once payments from your insurance company or other adjustments are applied to the total shown here." The invoice also shows a total of $4,631.53,

4

followed by $4,557.04 in "[a]djustments/discounts," which results in a total amount of $74.49.[3]   It is well-settled, however, that appellant is not entitled to credit for any payments to be made through medical insurance or other third-party sources.  (*In re Brittany L.* (2002) 99 Cal.App.4th 1381,1387-1388 [recognizing that "trial courts are not to consider whether the victim has been, or will be, reimbursed from third parties in ordering victim restitution"].)

Appellant fares no better in claiming the evidence is insufficient to support a finding that the estimated replacement cost of the victim's cellphone (an iPhone 6S) was $999.99.  In addition to testifying, the victim submitted documentation reflecting that a new iPhone 6S would cost $999.99.  Appellant argues that "[a]lthough Gustavo testified that the lost cell phone was this same, precise make and model, there was no evidence presented that the cell phone was new at the time that it was broken."  But appellant offered no evidence below to rebut the victim's prima facie showing of his claimed losses for the phone.  Accordingly, her claim of insufficient evidence fails.  (See *In re S.S.*, *supra*, 37 Cal.App.4th at p. 547, quoting *People v. Foster* (1993) 14 Cal.App.4th 939, 946  [recognizing that "an item's original cost can generally be treated as evidence of replacement cost for purposes of restitution" and that "a property owner's statements of value . . . 'should be accepted as prima facie evidence of value'"].)

---

[3] Appellant also notes that the court imposed $4,557.04 in restitution for the victim's medical expenses—which represents the "[a]djustments/discounts"—rather than the full $4,631.53. The People do not urge us to modify the restitution order to include the additional $74.49, so we decline to do so.

5

In arguing that the evidence is insufficient to support the restitution order, appellant also contends the juvenile court erred in denying her request for a continuance of the restitution rehearing so that she could "conduct further investigation for further substantive evidence." As the People note, appellant merely sought a continuance to question the officer who interviewed the victim regarding the injuries he claimed to have suffered as a result of the battery. In any event, appellant failed to establish good cause for a continuance such that the court's denial thereof was an abuse of discretion, nor does she demonstrate that the denial of a continuance constitutes reversible error. (See *In re Giovanni F.* (2010) 184 Cal.App.4th 594, 605 [juvenile court's denial of a continuance reviewed for abuse of discretion; *In re Gerald J.* (1991) 1 Cal.App.4th 1180, 1187 [recognizing that an erroneous denial of a request for a continuance compels reversal only if a "different result" is reasonably probable].)

## DISPOSITION

The judgment (restitution order) is affirmed.

NOT TO BE PUBLISHED.


                                        PERREN, J.

We concur:


GILBERT, P.J.                YEGAN, J.


6

Morton Rochman, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Paul M. Roadarmel, Supervising Deputy Attorney General, and John Yang, Deputy Attorney General, for Plaintiff and Respondent.