Filed 5/18/22  In re A.H. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re A.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>A.H.,<br><br>    Defendant and Appellant. | G060339<br><br>(Super. Ct. No. 19DL0565)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A.H. (Minor) pleaded guilty to three counts of robbery (Pen. Code, §§ 211, 212.5, subd. (c); counts 1 through 3), one count of attempted robbery (Pen. Code, §§ 664, 211, 212.5, subd. (c); count 4), and one count of street terrorism (Pen. Code, § 186.22, subd. (a); count 5).  Minor also admitted counts 1 through 4 were committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)).

The court declared Minor to be a ward of the court and placed him on probation with a variety of terms and conditions, including he pay $14,042 in restitution to the victims.  This included restitution for therapy sessions attended by the mother and brother of one of the victims and the mother of another victim.

On appeal, Minor contends the court erred by ordering restitution for the full amount of therapy sessions attended by the three family members.  Among other things, he argues the court found the full amount of therapy was excessive but still awarded the full amount of restitution.  We disagree and affirm the order.

FACTS

*The Incident*

In February 2019, four victims were walking outside when someone in a passing vehicle threw a water bottle at them.  The vehicle drove away but returned after the victims reached an elementary school.  Five male suspects exited the vehicle, walked up to the victims, and asked whether they were from "Wicked Mind," presumably a criminal street gang.  They then demanded the victims give them their property.

Minor told the police he was present during the incident.  He claimed he stood by the vehicle while the other suspects approached the victims and demanded their property.  Upon searching Minor's bedroom, officers found one of the victim's cell phones.

2

Minor ultimately pleaded guilty to taking cell phones from three victims and attempting to take a cell phone from a fourth victim. He also admitted he was a member of a criminal street gang and committed the charged crimes for the benefit of, at the direction of, or in association with the criminal street gang.

*The Restitution Hearing*

In June 2021, the court held a restitution hearing and heard testimony from M.H. and O.H., the mother and 11-year-old brother of one of the victims, and M.C., the mother of another victim.

M.H. testified her son, one of the victims, was scared and did not want to go outside because of the incident. Both she and her son attended separate therapy sessions. M.H. talked about her feelings with the therapist and believed she attended 30 sessions. Her son attended 40 sessions. When asked if she "went to as many therapy sessions as [the] therapist indicated [she] could," she responded, "Yes." She also testified she spoke about various topics with the therapist. O.H., the brother of one of the victims, testified he spoke about the robbery with his mother, M.H., and some family members.

M.C. testified she attended therapy sessions but could not remember if she attended 15 or 30 sessions. She discussed the robbery during each session "almost the whole time" and felt better after each session.

After the hearing, the court made certain statements that are central to this appeal. The court stated it could not "substitute [its] judgment for that of the therapist" with respect to how many therapy sessions were needed. The court also emphasized M.H. "was actually near tears testifying" and looked like "she still needs therapy . . . ." The next day, the court stated M.H. "needed a lot of therapy," but the court was "not convinced that she needed to go for the full amount [of therapy sessions] that . . . she was being told to go to." The court added: "And the same applies to [M.C.]" But the court noted both mothers were afraid, affected by the incident, and needed therapy. The court

3

concluded it would cut off any therapy occurring after March 2020, which was roughly a year after the incident. The court explained: "That doesn't reduce it by much. And I got to say that that's not my goal here, to reduce it. My goal is to just try to figure out what is the fair amount to reimburse the people for the therapy."

*The Court's Restitution Order*

The court ultimately awarded $14,042 in restitution as follows: (1) $198 and $479 for the two stolen cell phones; (2) $3,240 for one victim's therapy; (3) $3,240 for the other victim's therapy; (4) $2,106 for O.H.'s therapy; (5) $2,349 for M.H.'s therapy; and (6) $2,430 for M.C.'s therapy.

The court's decision to cut off any therapy occurring after March 2020 affected the restitution amount for O.H. but not M.H. or M.C. The court reduced the amount of therapy for O.H. from $2,430 to $2,106.

## DISCUSSION

Minor contends the court erred by ordering restitution for the full amount of therapy sessions attended by O.H., M.H., and M.C., but he does not challenge the restitution for the cell phones or therapy sessions attended by the two direct victims. According to Minor, the court expressly found the full amount of therapy sessions for the victims' family members was excessive and not warranted. He also relies on various testimony to suggest the court overstated the amount of restitution. For the reasons below, the court did not err.

*Applicable Law and Standard of Review*

Crime victims are entitled to restitution for losses suffered because of a criminal act. (Cal. Const., art. I, § 28, subd. (b)(13).) Welfare and Institutions Code

4

section 730.6 "governs restitution in cases where a minor is adjudicated a ward of the court pursuant to section 602."[1] (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.)  The statute "parallels Penal Code section 1202.4, which governs adult restitution."  (*Ibid.*)

Section 730.6, subdivision (h)(1) provides in relevant part:  "Restitution . . . shall be imposed in the amount of the losses, as determined . . . .  The court shall order full restitution unless it finds compelling and extraordinary reasons for not doing so, and states them on the record."  Courts do not consider a minor's inability to pay when determining the amount of restitution.  (*Ibid.*)  "A restitution order . . . to the extent possible, . . . shall be of a dollar amount sufficient to fully reimburse the victim or victims for all determined economic losses incurred as the result of the minor's conduct for which the minor was found to be a person described in Section 602."  (*Ibid.*)

Under section 730.6, subdivision (h), the trial court can award restitution to the direct victim's family members.  (*In re Scott H.* (2013) 221 Cal.App.4th 515, 522-524.)  Compensable losses also include the cost of mental health services even though this category is not specifically enumerated in the statute.  (*In re M.W.*, *supra*, 169 Cal.App.4th at p. 6.)  We review the court's restitution order for abuse of discretion.  (*People v. Foalima* (2015) 239 Cal.App.4th 1376, 1395.)

*The Court Did Not Abuse Its Discretion*

Relying on the court's comments after the restitution hearing, Minor contends the court "abused its discretion [by] arbitrarily awarding the full amount of restitution for the family members' therapy after specifically finding . . . the full amount of therapy was excessive and not warranted."  Minor emphasizes the court questioned whether the two mothers needed to go to all of their therapy sessions but still awarded the

_____

[1]  All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

5

full amount of restitution. But Minor acknowledges the court reduced the amount of restitution for O.H. from $2,430 to $2,106.

Contrary to Minor's assertion, the court never found the full amount of therapy was "excessive and not warranted." While the court stated it was "not convinced" the two mothers had to attend all of the therapy sessions, it previously stated it was not in a position to second-guess the therapist's judgment. The court even suggested M.H. looked like she still needed additional therapy. Regardless, the court ultimately limited the amount of restitution to therapy received within roughly a year from the incident. This reduced the amount of therapy for O.H. by over $300. Minor presents no evidence to suggest the court abused its discretion by deciding to limit restitution to therapy sessions occurring as of March 2020.

Minor also claims the court overstated the amount of restitution because M.C. testified that she discussed the incident at 15 therapy sessions (not 30 sessions). Not true. M.C. testified she could not remember if she attended 15 or 30 sessions but discussed the robbery during each session "almost the whole time." Documented records provided the court with further details of M.C.'s therapy sessions, and Minor does not suggest those documents establish M.C. attended only 15 therapy sessions.

Finally, Minor argues O.H. testified he did not discuss the incident with the therapist. But Minor's counsel never asked O.H. if he spoke to the therapist about the incident. Instead, Minor's counsel asked if O.H. "talked to anybody about [the] incident." O.H. responded that he spoke to his mother. When asked if he talked to anybody else, he responded, "No." After Minor's counsel asked if he had only talked to his mother about the incident, O.H. added that he spoke to a few family members. Given O.H.'s young age and conflicting responses, the court could properly rely on other evidence suggesting he spoke to the therapist about the incident. Indeed, various documents indicate O.H. attended therapy as a result of the incident. As the People note,

there was no evidence establishing the therapist used the incident as a ruse to provide therapy for another purpose.

For the foregoing reasons, Minor fails to show the court's ruling exceeded the bounds of reason. (*In re M.W.*, *supra*, 169 Cal.App.4th at p. 6 ["courts must order full restitution to victims of crimes for all economic losses except where compelling and extraordinary reasons exist"].)

DISPOSITION

The order is affirmed.

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

GOETHALS, J.

7