Filed 10/18/22  In re B.E. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re B.E., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B315115 (Super. Ct. No. PJ53315) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.E.,<br><br>    Defendant and Appellant. | |

B.E. appeals from an order requiring him to pay victim restitution.  (Welf. & Inst. Code, § 730.6)[1]  He contends the juvenile court abused its discretion when it declined to impose

---

    [1] All further statutory references are to the Welfare and Institutions Code, unless otherwise stated.

restitution jointly and severally on appellant's co-offender. We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was found to have committed felony first degree residential burglary (Pen. Code, § 459) after he and another person broke into the victim's home and stole several items. The juvenile court declared appellant a ward of the court and placed him home on probation.

Thereafter, the juvenile court conducted a contested restitution hearing. The victim testified and provided evidence as to the approximate value of the stolen and damaged items, including, among other things, a Rolex watch worth approximately $14,000.

Appellant's counsel argued it would be inequitable to order appellant liable for the full amount of victim restitution because he did not act alone during the burglary. Counsel argued that the juvenile court could reopen the sealed and dismissed case of co-offender to require that he pay restitution. The juvenile court declined to do so. In the alternative, counsel argued appellant should only be liable for half the amount of restitution ordered. Again, the juvenile court declined, stating, "[t]he court chooses not to do that."

At the conclusion of the hearing, the juvenile court ordered victim restitution in the amount of $17,115.44. It terminated jurisdiction, ordered appellant's record sealed, and entered the restitution order as a civil judgment.

## DISCUSSION

Appellant contends the juvenile court abused its discretion when it ordered him to pay the full amount of victim restitution rather than opening the sealed case of appellant's co-offender and

"investigat[ing]" why restitution was not imposed in that case. This contention is meritless.

Victim restitution for economic loss suffered as a result of criminal conduct is constitutionally as well as statutorily mandated in California. (Cal. Const., art. 1, § 28.) "Section 730.6 governs restitution in cases where a minor is adjudicated a ward of the court pursuant to section 602. [Citation.] Section 730.6 parallels Penal Code section 1202.4, which governs adult restitution. [Citation.]" (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.) The purpose of an order for victim restitution is to rehabilitate the defendant, deter future delinquent behavior, and make the victim whole by compensating him for his economic losses. (*In re Brittany L.* (2002) 99 Cal.App.4th 1381, 1387 (*Brittany L.*).) In fashioning such an order, """judges are given virtually unlimited discretion as to the kind of information they can consider""" and the """source""" of that information. (*Id.* at pp. 1391-1392.)

We review a restitution order for abuse of discretion. (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.) In so doing, the victim's right to restitution is to be broadly and liberally construed. (*Ibid.*) Where there is a rational and factual basis for the amount of restitution ordered, no abuse of discretion will be found. (*People v. Gemelli* (2008) 161 Cal.App.4th 1539, 1542.)

Section 730.6, subdivision (a)(1) provides that "a victim of conduct for which a minor is found to be a person described in Section 602 who incurs an economic loss as a result of the minor's conduct shall receive restitution directly from that minor." The juvenile court "shall order full restitution unless it finds compelling and extraordinary reasons for not doing so . . . ." (*Id.*, subd. (h)(1).)

3

Here, there was a rational and factual basis for the juvenile court's restitution order. First, appellant admitted that he committed the burglary. Second, as a condition of his probation, he agreed to pay the victim for damages caused by his and co-offender's criminal conduct. Third, the order reflected the "economic loss" suffered by the victim as determined by the juvenile court after a contested restitution hearing. This is consistent with the statutory purpose of rehabilitating appellant and making the victim whole. (See *Brittany L., supra,* 99 Cal.App.4th at p. 1387; § 730.6, subd. (a)(1).)

Nevertheless, appellant contends the juvenile court should have, "at the very least, investigated why joint liability had not attached" to co-offender. However, appellant's reliance on section 786, subdivision (h)(2) for this contention is inapt because that section permits a court to access sealed records "for the limited purpose" of enforcing a civil judgment or restitution order, not to investigate why restitution was not imposed. (See § 786, subd. (h)(2).) He also cites section 730.6, subdivision (h)(2), which provides, "If feasible, the court shall also identify on the court order, any co-offenders who are jointly and severally liable for victim restitution."

Here, co-offender was not found to be jointly and severally liable for restitution. Moreover, nothing in the statutory language required the juvenile court to investigate or explain why restitution was not imposed in that case. "[W]here a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.)

4

Finally, while courts should consider the culpability of a co-offender, that is just one factor to be considered. The obligation to pay restitution "does not hinge upon" the liability of a co-offender. (*In re Brian S.* (1982) 130 Cal.App.3d 523, 533; *People v. Zito* (1992) 8 Cal.App.4th 736, 746; *People v. Goss* (1980) 109 Cal.App.3d 443, 460-461.) Accordingly, the juvenile court did not abuse its discretion because there was a rational and factual basis for the victim restitution order, and appellant is liable for the full amount of economic loss caused by his criminal conduct.

DISPOSITION

The judgment (restitution order) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

5

Morton Rochman, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller, Amanda V. Lopez, Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.