[No. B188613. Second Dist., Div. Eight. Jan. 15, 2008.]

In re IMRAN Q., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
IMRAN Q., Defendant and Appellant.

**COUNSEL**

Anne E. Fragasso for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Mary Jo Graves and Dane R. Gillette, Chief Assistant Attorneys General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec, Kenneth N. Sokoler and Marc E. Turchin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RUBIN, J.**—Imran Q. appeals from the juvenile court's order that he pay $17,958.13 in restitution to Joseph Iaquinto. We remand this matter to the juvenile court for it to recalculate the restitution amount.

## FACTS AND PROCEDURAL HISTORY

In April 2003, then 16-year-old appellant Imran Q. fled from a car accident in which he injured Joseph Iaquinto. Appellant later admitted in juvenile court to one count of hit and run with an injury and one count of hit and run with property damage. The court declared appellant a ward of the court and sentenced him to home on probation. It also ordered him to pay $57,499.74 in restitution to Iaquinto for his economic losses, consisting of medical expenses, property damage, and lost income.[1]

Appellant eventually settled Iaquinto's personal injury lawsuit against him for $100,000, the policy limit of appellant's insurance coverage.[2] Iaquinto's attorney received $29,229.13 in fees and costs off the top of the settlement, meaning Iaquinto netted $70,770.87 from his lawsuit. Iaquinto thereafter moved to recover as further restitution the fees and costs he paid to his attorney to achieve the settlement. In addition, Iaquinto asked the court to award him the $2,000 he owed to the attorney handling his motion for additional restitution.

The court concluded Iaquinto's total economic losses from the car accident were $88,728.87, an amount the court apparently reached by adding the $29,229.13 in fees and costs from the settlement and the $2,000 for the restitution hearing plus Iaquinto's initial economic losses of $57,499.74. Noting that Iaquinto's net recovery from his settlement with appellant was $70,770.87, the court found Iaquinto had not been compensated for the $17,958 difference between his $88,728.87 in economic losses and $70,770.87 in net settlement proceeds. The court therefore ordered appellant to pay Iaquinto $17,958.13[3] in additional restitution. This appeal followed.

## DISCUSSION

■    The Legislature intends that crime victims receive full restitution for their "economic loss[es]." (Welf. & Inst. Code, § 730.6, subd. (a) [juvenile

---

[1] Some confusion exists about the amount of the restitution order, which is not in the record. The probation report states it was $58,649.73. At the end of the hearing at issue in this appeal, the juvenile court stated the amount was $58,704.78. We conclude it was in fact $57,499.74 because that number makes the trial court's later mathematical calculations work.

[2] A second defendant also settled with Iaquinto for $15,000, but payment from sources independent of appellant do not affect his restitution obligations. (*People v. Hamilton* (2003) 114 Cal.App.4th 932, 941–942 [8 Cal.Rptr.3d 190].) Accordingly, the juvenile court correctly disregarded this second settlement in analyzing appellant's restitution obligations.

[3] During the hearing, the parties sometimes discussed amounts of money in round figures, and sometimes to the exact penny. From those discussions, we cannot immediately discern the court's reason for adding 13 cents, but we accept that addition because the court incorporated it into its final order.

offenders]; Pen. Code, § 1202.4 [adult criminals].) From the car accident and its immediate aftermath, Iaquinto suffered $57,499.74 in economic losses for his medical bills, property damage, and lost earnings. Appellant does not dispute Iaquinto's right to restitution of those losses. After suing appellant, Iaquinto received $100,000 in settlement from which he paid his attorneys $31,299.13[4] in legal fees and costs, for which the court also ordered restitution. Appellant contends Iaquinto may not receive restitution for those fees and costs. We disagree.

■ Welfare and Institutions Code section 730.6 (§ 730.6) authorizes a court to order a juvenile to pay restitution to compensate a victim in: ". . . a dollar amount sufficient to fully reimburse the victim . . . for all determined economic losses incurred as the result of the minor's conduct . . . *including all of the following*: [¶] (1) . . . value of stolen or damaged property. . . . [¶] (2) Medical expenses. [¶] (3) Wages . . . lost due to injury . . . ." (§ 730.6, subd. (h), italics added.) Appellant contends Iaquinto's attorney's fees and costs were not recoverable for two reasons. First, according to appellant, section 730.6 does not include legal fees and costs in its list of compensable economic losses. Second, even if fees and costs counted as economic losses, appellant's $100,000 settlement payment more than satisfied Iaquinto's economic losses of $88,728.87.

■ In *In re Johnny M.* (2002) 100 Cal.App.4th 1128 [123 Cal.Rptr.2d 316], we held that section 730.6's definition of "economic losses" is expansive. Specifically, *In re Johnny M.* noted that the italicized statutory language quoted above—"including all of the following"—is a phrase of enlargement, meaning the categories of economic losses explicitly identified in the statute are not exhaustive. (*In re Johnny M.*, at pp. 1135–1136.) For guidance in interpreting "economic losses" in section 730.6, *In re Johnny M.* looked to the parallel adult restitution statute, Penal Code section 1202.4. (*In re Johnny M.*, at p. 1132; see also *People v. Birkett* (1999) 21 Cal.4th 226, 240, fn. 15 [87 Cal.Rptr.2d 205, 980 P.2d 912] [adult restitution statute reflects "parallel restitutionary requirements for juvenile offenders"].)

■ Penal Code section 1202.4 permits a court to order restitution of legal fees and costs that a victim incurred to collect restitution. (Pen. Code, § 1202.4, subd. (f)(3)(H) ["[a]ctual and reasonable attorney's fees and other costs of collection"].) We see no reason to distinguish between an adult's and a juvenile's duty to provide full restitution to their victims. (*People v. Martinez* (2005) 36 Cal.4th 384, 394, fn. 2 [30 Cal.Rptr.3d 779, 115 P.3d 62], citing with approval *In re Johnny M., supra*, 100 Cal.App.4th 1128 [§ 730.6, which is applicable to juvenile offenders, parallels Pen. Code, § 1202.4, which

---

[4] Of that amount, $29,299.13 went to the personal injury attorney and $2,000 went to the attorney handling the restitution request.

governs adult restitution].) We thus find section 730.6's silence on attorney's fees and costs a mere legislative oversight. (Accord, *In re Johnny M., supra*, 100 Cal.App.4th at p. 1136, fn. 7 [Legislature's failure to amend juvenile restitution statute's list of economic losses from "including all of the following" to "including, but not limited to, all of the following" when it so amended adult restitution statute was "merely legislative oversight"].) Consequently, in order to ensure Iaquinto receives full restitution for his economic losses from the accident, the juvenile court did not abuse its discretion when it ordered appellant to pay additional restitution for the legal fees and costs Iaquinto incurred to collect restitution. (*In re Johnny M., supra*, at p. 1132 [restitution order reviewed for abuse of discretion].)

■ In calculating Iaquinto's total economic losses, the court determined he could recover all of his legal fees and costs as restitution. The court's unstated premise in awarding the entire amount was that Iaquinto incurred those fees and costs solely to collect restitution. That premise ignores that some portion of Iaquinto's $100,000 settlement was likely for his pain and suffering. The restitution statutes do not authorize restitution for legal fees incurred to recover general damages, only those incurred for collection of economic loss. (Pen. Code, § 1202.4, subd. (f)(3).) The record does not show the parties or court attempted to allocate the settlement between economic damages supporting restitution—medical expenses, property damage, and lost income—and pain and suffering, which do not support restitution. The failure to do so does not waive the allocation issue because until this appeal no published decision determined whether attorney's fees for collecting restitution were recoverable in a juvenile proceeding.

■ We remand to the trial court to determine first the allocation, if any, of the settlement between economic losses and general damages. Iaquinto is entitled to recover all the attorney's fees he actually and reasonably incurred to collect restitution for his economic losses; he is not entitled, however, to recover fees incurred exclusively for collecting general damages. (*People v. Fulton* (2003) 109 Cal.App.4th 876, 885–886 [135 Cal.Rptr.2d 466]; Pen. Code, § 1202.4, subd. (a)(1).) We envision two scenarios that victims such as Iaquinto face in recovering attorney's fees after a jury verdict or settlement in their favor. In the first scenario, the settlement or verdict expressly allocates the victim's monetary recovery from the defendant between economic losses and general damages. Under those circumstances, calculating the fees the victim incurred in collecting restitution for economic losses becomes a factual and evidentiary matter assigned to the trial court's discretion. (*People v. Boudames* (2006) 146 Cal.App.4th 45, 53 [52 Cal.Rptr.3d 629].) In determining those fees, the trial court should recall the practice of many legal and

insurance professionals to link general damages to a formula or rule of thumb involving proven economic losses. Accordingly, the lion's share of the victim's legal fees often comes from proving economic losses, with general damages an arithmetical add-on. Hence, the court should not unduly rely on the ratio of general damages to economic losses in calculating attorney's fees that were incurred to collect restitution for economic losses.

■ The second scenario we envision victims face arises when a verdict or settlement does not allocate the victim's recovery between economic losses and general damages. To vindicate the victim's right to recover attorney's fees incurred in collecting restitution for economic damages, the court should attempt allocation of the verdict or settlement. If there is no principled way to make such an allocation, the court's duty ends there, and the court should include all of the attorney's fees as part of its restitution order. (See *People v. Fulton, supra*, 109 Cal.App.4th at p. 886.) On the other hand, allocation might be possible, particularly following a settlement or verdict where the amount of economic losses was largely undisputed or unchallenged and the monetary award exceeded those losses. Evidence as to how a case was argued to the trier of fact, or, in the case of a settlement, the negotiation process, would generally be admissible.

■ If an allocation between economic and general damages is feasible, the trial court is to utilize the procedure established in *People v. Fulton, supra*, 109 Cal.App.4th 876, for allocating fees under the adult restitution statute. Because we hold no principled reason exists for distinguishing between an adult's or a juvenile's duty to provide full restitution to victims, we apply *Fulton* here. If on remand appellant contends Iaquinto seeks attorney's fees he incurred solely in collecting general damages, it will be appellant's burden to prove his contention by a preponderance of the evidence. (*Id.* at p. 886 [discussing allocation of fees and costs between recoverable restitution and general damages under adult restitution statute, Pen. Code, § 1202.4].) Appellant carries the risk of failing to meet his evidentiary burden. Thus, if appellant does not, or cannot, allocate fees and costs incurred in recovering economic losses and nonrecoverable general damages, Iaquinto may recoup the actual and reasonable attorney's fees and costs he expended in collecting restitution even if some undetermined portion of those fees and costs were spent in recovering general damages. (*Fulton, supra*, at p. 885 ["when fees cannot be reasonably divided between the pursuit of economic losses as opposed to noneconomic losses, the victim is entitled to be fully reimbursed for all actual and reasonable attorney fees . . ."].) The reasonableness of any such fee award will rest in the trial court's discretion. (*People v. Boudames, supra*, 146 Cal.App.4th at p. 53.)

## DISPOSITION

The restitution order of December 28, 2005, is reversed and the matter is remanded to the trial court to recalculate attorney's fees and costs for which appellant must provide restitution.

Cooper, P. J., and Flier, J., concurred.