Filed 6/16/25  In re T.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re T.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B335305 (Cons. w/ B338571) (Super. Ct. No. SJ0215A) (Los Angeles County) |
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>T.A.,<br><br>   Defendant and Appellant. | |

T.A. appeals the juvenile court's order and judgment requiring her to pay restitution pursuant to Welfare and Institutions Code[1] section 730.6.  Appellant contends the court

_____

[1] Unmarked statutory references are to the Welfare and Institutions Code.

erred by adding interest to the restitution amount at an annual rate of 10 percent from the date of loss.  We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant damaged the door of the victim's car during an altercation in April of 2023.  She was charged with misdemeanor vandalism in a section 602 petition.  (Pen. Code, § 594, subd. (a).)  The juvenile court placed her on informal supervision pursuant to section 654.2 and scheduled a restitution hearing.

The victim testified at the restitution hearing that she spent $249.28 to replace her car window.  She produced an estimate of $2,042.10 to repair several dents on the outer door shell.  The juvenile court found appellant responsible for the damage and ordered her to pay these amounts as "part of the 654 grant."  It told her any amount not paid when she completed informal supervision would be converted to a civil judgment.

The court held a progress hearing on April 16, 2024.  It found appellant completed the terms of supervision but had not yet paid any restitution.  It proposed dismissing the case and entering a civil judgment for the amount owed.  Appellant's counsel responded, "That is our desire as well."  The court entered judgment in the amount of $2,336.38.  It ordered appellant to pay annual interest of 10 percent from the date of loss.

## DISCUSSION

Appellant does not challenge the amount of the original restitution award, i.e., $2,336.38.  She concedes she is estopped from challenging the award's conversion into a civil judgment because she expressly consented to the action at hearing.  (See *In re K.C.* (2013) 220 Cal.App.4th 465, 472-473 [minor may consent to acts in excess of jurisdiction when beneficial to the parties and consistent with public policy].)  She contends only that the

juvenile court exceeded its authority when it ordered her to pay interest from the date of loss.  "'[W]here the specific issue is whether a court has the authority to issue restitution, we review that question of law independently.'"  (*In re S.E.* (2020) 46 Cal.App.5th 795, 803, quoting *In re S.O.* (2018) 24 Cal.App.5th 1094, 1098.)  "'No court has discretion to make an order not authorized by law.'"  (*S.E.*, at p. 804, quoting *In re K.F.* (2009) 173 Cal.App.4th 655, 661.)

Section 730.6 provides for mandatory victim restitution "in cases where a minor is adjudicated a ward of the court pursuant to section 602."  (*In re M.W.* (2008) 169 Cal.App.4th 1, 4.) "Section 730.6 parallels Penal Code section 1202.4, which governs adult restitution."  (*Ibid.*)  Section 730.6 does not, like Penal Code section 1202.4, list interest as a compensable economic loss. (Pen. Code, § 1202.4, subd. (f)(3).)  The juvenile court may nevertheless impose interest under this section to compensate victims for lost use of their money.  (See *In re S.E.*, *supra*, 46 Cal.App.5th at p. 810 quoting *In re Imran Q.* (2008) 158 Cal.App.4th 1316, 1320-1321 ["On this issue, '[w]e see no reason to distinguish between an adult's and a juvenile's duty to provide full restitution to their victims.  [Citation.]'"].)

Appellant contends section 730.6 does not apply because she was never "adjudicated a ward of the court."  She acknowledges the juvenile court was authorized to order her to pay restitution and perform other "constructive assignments" as part of section 654 supervision.  (See § 654.6 [juvenile court may require a minor "to repair damaged property or to make other appropriate restitution" as part of their supervision program].) Appellant notes, however, that section 654 does not incorporate section 730.6 or include language authorizing the court to impose interest on a restitution award.  She also contrasts section 654

with section 794.  The latter requires courts awarding restitution in deferred entry of judgment cases to do so "pursuant to the provisions of this code."  (§ 794.)  The absence of similar language in the statutes governing informal supervision, she argues, means the court lacked authority to award interest.

*In re S.E.* rejected a similar assertion.  The juvenile court adjudged the appellant a ward of the court and awarded restitution to the victim, plus interest.  The appellant challenged the award because section 730.6, unlike Penal Code section 1202.4, did not list interest as a compensable loss.  The Court of Appeal declined to interpret the statute so narrowly.  "[D]espite the brevity of section 730.6, subdivision (h)(1) when compared to Penal Code section 1202.4, subdivision (f)(3)," it stated, "courts have taken an expansive view in terms of permitting an award of restitution in juvenile cases to those defined as victims in, and for losses expressly covered by, the latter statute but not the former.  [Citations.]  No reason appears why the same approach and conclusion should not be reached with regard to the imposition of interest."  (*In re S.E.*, *supra*, 46 Cal.App.5th at p. 809.)

We see no reason to take a narrower view of restitution when a minor charged under section 602 avoids a judgment of wardship through informal supervision.  The Welfare and Institutions Code gives the juvenile court considerable latitude to craft an appropriate program of supervision.  This may include ordering the minor "to make other appropriate restitution" to the victim as a condition of diversion and dismissal under section 654.  (§ 654.6.)  We interpret this language as granting the court discretion to decide whether to impose restitution under section 730.6, and if so, to add interest and specify the accrual date.  Holding otherwise would allow the minor to benefit from informal

4

supervision while depriving his or her victim of full compensation for financial losses caused by the offense.

Appellant also contends the juvenile court deprived her of an opportunity to oppose the addition of interest because it did not notify her that it intended to do so.  We disagree.  While the court did not discuss the issue at hearing, it referred expressly to section 730.6 at the restitution hearing and made clear it was awarding restitution as "part of the 654 grant for the vandalism." The hearing occurred almost four years after *In re S.E.* was decided.  Appellant did not object to the award or raise the issue with the trial court.  Nor does she assert she would have declined informal supervision initially rather than pay interest to the victim.

DISPOSITION

The judgment (restitution order) is affirmed.
<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

5

David Yaroslavsky, Judge
Superior Court County of Los Angeles

_____

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.