Filed 6/22/26  P. v. Lizotte CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON CALDER LIZOTTE,<br><br>        Defendant and Appellant. | A172395<br><br>(Marin County<br>Super. Ct. No. SC214493A) |

After being charged with a felony, Jason Calder Lizotte pled guilty to one misdemeanor count of driving under the influence of a drug and causing bodily injury to another person (Veh. Code, § 23153, subd. (f)).  He appeals from the trial court's order requiring him to pay $68,241.04 as restitution for attorney fees and costs his victims incurred in filing a civil suit and obtaining a settlement.  Lizotte acknowledges attorney fees incurred to recover economic loss are reimbursable as restitution, under Penal Code section 1202.4, subdivision (f),[1] but insists the trial court abused its discretion because a portion of the award reflected attorney services incurred to recover noneconomic damages.  He also maintains the amount awarded is excessive because it is not based on a lodestar analysis.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

On October 24, 2020, Lizotte was driving under the influence when he caused an automobile collision. C. Lee and K. Lee were injured in the accident.

Pursuant to a negotiated disposition, Lizotte entered a guilty plea to a misdemeanor violation of driving under the influence and causing bodily injury to another person. In exchange for dismissal of other charges, Lizotte agreed to a three-year term of probation, to attend substance abuse treatment, and to pay restitution to the victims "in an amount . . . to be determined by the probation officer, subject to court review upon [Lizotte]'s timely objection." Imposition of sentence was suspended and Lizotte was placed on probation.

The Lees filed a civil suit against Lizotte. His insurance carrier, Progressive Insurance, negotiated two settlements—one with each plaintiff—in which the Lees released their claims for past and future economic losses (medical bills and lost income) and noneconomic losses (pain and suffering) in exchange for the payment of $100,000 each. The Lees' attorneys, the Hassell Law Group, received a standard one-third contingency fee directly from the settlement proceeds.

The probation department filed a request to set a restitution hearing based on the Lees' claims seeking reimbursement of their attorney fees and costs. The request noted Lizotte disputed the amount. The trial court held a contested restitution hearing at which Lizotte called the attorney, Ken Jorgensen, that represented him and Progressive in the civil suit.

In accordance with the probation officer's request and the Lees' restitution claim forms, the trial court ordered Lizotte to pay a total of $68,241.04 in attorney fees plus costs; specifically, $34,099.42 to K. Lee and $34,141.62 to C. Lee. The trial court

2

found that Jorgensen's testimony—that the case "likely would have" settled sooner without a claim for noneconomic damages—did not provide a sufficient basis for distinguishing fees incurred for economic loss from fees incurred for noneconomic loss. The court further stated that Lizotte had not carried his burden to establish that the amounts sought were unreasonable.

**DISCUSSION**

**A.**

Lizotte contends the trial court should not have awarded the full $68,241.04 because some of the fees were incurred to recover the Lees' *noneconomic* damages. We disagree.

**1.**

Crime victims have a constitutional right to restitution, which is broadly and liberally construed. (Cal. Const., art. I, § 28, subd. (b)(13); *People v. Mearns* (2002) 97 Cal.App.4th 493, 500.) Section 1202.4 implements that mandate and provides that a court shall require a defendant to reimburse all a victim's *economic* losses suffered as a result of the defendant's criminal conduct, including "[a]ctual and reasonable attorney's fees and other costs of collection accrued by a private entity on behalf of the victim." (*Id.*, subd. (f)(3)(H).) The statute " 'requires the award be set in an amount which will fully reimburse the victim for his or her losses unless there are clear and compelling reasons not to do so.' " (*Mearns,* at p. 499.)

Section 1202.4 does not authorize restitution for noneconomic losses. (*People v. Giordano* (2007) 42 Cal.4th 644, 656; *People v. Fulton* (2003) 109 Cal.App.4th 876, 884-885 (*Fulton*).) Accordingly, attorney fees incurred solely to recover noneconomic losses cannot be ordered as restitution. (*Fulton*, at pp. 882–885.) But "[t]his . . . does not mean that a victim is prohibited from recovering attorney fees if those fees are incurred to recover both economic and noneconomic losses." (*Id.* at p. 885.)

3

Once a victim offers prima facie evidence showing the victim suffered economic losses and incurred reasonable attorney fees to recover those losses, the burden shifts to the defendant to show "the portion of the attorney fees that are not recoverable because those fees can be attributed solely to a nonrecoverable category of noneconomic losses." (*Fulton, supra,* 109 Cal.App.4th at p. 886.) "[I]t would be improper to reduce the attorney fees incurred to obtain economic damages merely because those same attorney fees also led to the recovery of nonrecoverable damages." (*Id.* at p. 885.) Accordingly, if the defendant fails to meet his burden to show a reasonable means of apportioning fees to the recovery of economic and noneconomic damages, the trial court must order full reimbursement for all actual and reasonable attorney fees. (*Id.* at pp. 885, 887-888; *In re Imran Q.* (2008) 158 Cal.App.4th 1316, 1322.)

We review a court's restitution order for abuse of discretion. (*People v. Giordano, supra,* 42 Cal.4th at p. 663.) " ' "In determining the amount of restitution, all that is required is that the trial court 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.] The order must be affirmed if there is a factual and rational basis for the amount." ' " (*People v. Marrero* (2021) 60 Cal.App.5th 896, 906.)

**2.**

True, the settlement released the Lees' claims for noneconomic loss (pain and suffering). (See *Fulton, supra,* 109 Cal.App.4th at pp. 883, 885.) Yet Lizotte does not demonstrate that the trial court abused its discretion.

After the Lees made a prima facie showing that they incurred $68,241.04 in recovering both their economic and noneconomic losses, defense counsel did not offer evidence compelling apportionment of these fees. Lizotte merely relied on testimony, given by his civil defense counsel, that the case would

4

have likely settled faster—"probably before a lawsuit was even filed"—had there been no claim for noneconomic damages.  We agree with the trial court that the argument is speculative.  We cannot assume that any fictional settlement of only the Lees' economic claims would have been for any less or involved no work by the Lees' attorney.

A duty to attempt apportionment arises only when there is a "principled way to make such an allocation."  (*In re Imran Q, supra,* 158 Cal.App.4th at p. 1322.)  The trial court did not abuse its discretion by concluding there was no such principled method available in this case.

**B.**

Lizotte also argues that the trial court's award was excessive because any restitutionary award of attorney fees *must* be calculated using the "lodestar method"—by multiplying the number of attorney hours reasonably expended by a reasonable hourly rate.  He is wrong.

Lizotte relies on *People v. Millard* (2009) 175 Cal.App.4th 7 (*Millard*), which rejected a crime victim's attempt to recover a paid contingency fee and held that the lodestar method is the only way to properly calculate reasonable attorney fees sought as restitution in criminal proceedings.  (*Id.* at pp. 31-33.)  However, *Millard* appears to be an outlier.  It cited Supreme Court precedent (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134; *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095) that applies to civil attorney fee awards in a wholly different context—based on fee-shifting statutes intended to encourage litigation beneficial to the public.  (*Millard*, at p. 32; *People v. Taylor* (2011) 197 Cal.App.4th 757, 763 (*Taylor*) ["[f]ee awards [addressed in *Ketchum* and similar] cases must be finely tuned so that litigation is neither excessively encouraged nor discouraged"].)  We know of no published decision that has agreed with *Millard* on this point.

Instead, several courts have disagreed with *Millard* to the extent it held a lodestar analysis was required in every restitution case. (See *People v. Marrero, supra,* 60 Cal.App.5th at pp. 909-910; *People v. Grundfor* (2019) 39 Cal.App.5th 22, 30-31 [restitutionary fee award may be calculated using any rational method, including based on contingency fee if that reflects actual and reasonable fees paid]; *Taylor, supra,* 197 Cal.App.4th at pp. 759, 761-764.) We agree that a mandate to use only the lodestar method, when considering attorney fees incurred by crime victims, "overlooks the fundamental purpose of the statutory and constitutional right to victim restitution, awarding 'full restitution' to the victim absent 'compelling and extraordinary reasons for not doing so.' " (*Taylor,* at p. 764.)

Here, the trial court declined to use a strict lodestar approach. And it is not necessarily an abuse of discretion to award restitution based on a contingency fee without resorting to the lodestar method (*Taylor, supra*, 197 Cal.App.4th at p. 764) if "the calculation reflects the actual, reasonable fees paid." (*People v. Grundfor, supra*, 39 Cal.App.5th at p. 30.) Lizotte presented evidence of the time *his* civil defense attorney (Jorgensen) spent working on the case (35 to 50 hours), which he uses to suggest that the Lees' counsel's hourly rate was unreasonable. But Jorgensen testified that he "[did] not know" how much time the Lees' counsel spent on the case. We agree with the trial court that it could not speculate from this evidence alone that the fees the Lees incurred were unreasonable. Lizotte has not shown an abuse of discretion.

## DISPOSITION

The restitution order is affirmed.

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*People v. Lizotte (A172395)*